ELIZABETH HANSELMAN v. J. HENRY CARSTENS.

*Physicians and surgeons—Malpractice—What sufficient averment of defendant's duty—Declaration—Demurrer—What facts necessary to be stated—Technicalities not favored by courts.*

1. A declaration in an action against a physician to recover damages for malpractice averred his professional character, and that as such physician and surgeon he was employed by plaintiff to set her broken limb, and give her the necessary care and medical treatment: *Held,* that defendant's duty was sufficiently averred under the circumstances.

2. The facts required to be stated in a declaration, like those found by a special verdict, are deduced from other facts to be found from the

testimony, and must be such as will enable the court to declare the law in the case.

3. The facts upon which the rights of a plaintiff depend are in a certain sense conclusions, but are, nevertheless, the kind of facts required in pleading in stating the plaintiff's cause of action; while the others are the testimony furnishing the evidence of these facts, and are not proper to state in the declaration.

4. Technicalities like those raised by the demurrer in this case are no longer looked upon with favor by the courts and should be avoided as much as possible. The merits in every case should be reached as soon as possible.

Error to Superior Court of Detroit. (Chipman, J.) Argued February 10, 1886. Decided February 17, 1886.

Case. Plaintiff brings error. Reversed.

*Wm. L. January* and *Stephen Larned*, for appellant:

The declaration is in the usual form of declarations against physicians and surgeons: Elwell's Malpractice, 125; McLellan's Civil Malpractice, 135. In such a declaration it is sufficient to aver defendant's professional character, and that he was employed as a surgeon [not stating by whom] for reward to him, to treat and cure the plaintiff, and that he entered upon his treatment, etc., without showing any undertaking on his part to act skillfully, or averring such duty on his part: *Gladwell v. Stiggall*, 5 Bing. [N. C.] 733; *Pippin v. Sheppard*, 11 Price, 400; *Spiers v. Parker*, 1 Term R. 143; 1 Chitty Pl. (16 Am. Ed., Perkins), 398–9 (top paging); Elwell's Malpractice, appendix, 587–594. The declaration avers the negligence, etc., and it is not essential to state the facts which go to establish it any more plainly than is done. Neither is it usual to do so, nor would it commonly be prudent: *Lucas v. Wattles*, 49 Mich. 382; and less certainly is required when the law presumes that the knowledge of the facts is more properly and peculiarly possessed by the other party: 1 Chitty Pl. (16 Am. Ed., Perkins) 258, top paging; *Andrews v. Whitehead*, 13 East. 112; *Gale v. Reed*, 8 East. 85; Stephens Pl. 413, 2 ed. Defendant is notified with what negligence, carelessness, or unskillfulness he is charged, and thereby informed that the circumstances which tend to show the truth or untruth of these allegations will be at issue, hence he is fully able to prepare his evidence respecting them: *Picard v. McCormick*, 11 Mich. 75; *Lucas v. Wattles*, 49 Mich. 381. Plaintiff has a

right, at the trial, to prove any or all of these allegations, if she can, but need not in her declaration distinguish them, nor aver what acts showed lack of skill, what were negligence or carelessness: *Leighton v. Sargent*, 7 Foster [N. H.] 460. In alleging the fact, it is only necessary to state such circumstances as merely tend to prove its truth, and it is not necessary to state the specific physical acts constituting the negligence and carelessness complained of: *Clark v. Chi., M. & St. P. Ry. Co.* 28 Minn. 69; 2 Chitty Pl. 650; *Grinde v. M. & St. P. Ry. Co.* 42 Iowa, 377; *Oldfield v. N. Y. & H. R. Ry. Co.* 14 N. Y. 310; *Ralston v. Strong*, 1 Chip. [Vt.] 293; *Church v. Gilman*, 15 Wend. 656; *Dyett v. Pendleton*, 8 Cow. 727; *Fidler v. Delavan*, 20 Wend. 57; *Colvin v. Burnet*, 17 Wend. 504; Steph. Pl. [1 ed.] 388.

*Morse Rohnert* and *John G. Hawley*, for defendant:

(No authorities cited in brief.—Reporter.)

Sherwood, J. The plaintiff in this case resides in Detroit, and is over fifty years of age. On the eighteenth day of September, 1880, she fell and broke one of her lower limbs midway between the foot and the knee, sustaining what is called a compound fracture of the limb.

The defendant, who is a physician and surgeon, then practicing in that city, was employed to reduce the fracture, and give her such treatment thereafter as her case required.

The plaintiff alleges that the defendant negligently set the limb, and carelessly and unskillfully performed the services rendered, and she brings her suit to recover the damages she has sustained by reason of the defendant's malpractice in the premises. Her counsel states her case against the defendant in two counts. The declaration will be found in the margin.[1]

---

[1]STATE OF MICHIGAN—THE SUPERIOR COURT OF DETROIT.

*Elizabeth Hanselman* v. *J. Henry Carstens.*

Elizabeth Hanselman, of the said city of Detroit and county of Wayne, said state, plaintiff herein, by January & Potts, her attorneys, complains of J. Henry Carstens, of said city, county, and state, defendant herein, who has been duly summoned to answer said plaintiff in a plea of tres-

The defendant demurred specially to the declaration, specifying the following causes, viz.:

(1) That it does not set forth the facts or circumstances on which the negligence of the defendant is based and predicated ;

(2) That it does not allege any duty on the part of the defendant, or what the particular duty of the defendant, in treating the leg of said plaintiff, may have been ;

(3) That it does not, with sufficient particularity, set forth in what regard the defendant was negligent in treating the leg of said plaintiff ;

(4) That it does not show with sufficient particularity in

---

pass on the case; for that, whereas, before and at the time of committing the grievances by the said defendant, as hereinafter mentioned, the said defendant was and is, and for many years last past has been, holding himself out to the public as a physician and surgeon, skilled in his profession, and during all the time aforesaid has exercised, and is exercising and carrying on, the art, mystery, and profession of physician and surgeon, and at the time of committing the said grievances was filling the high office of professor in the Detroit Medical College, each and all of his said business, to-wit, at the city of Detroit aforesaid; and while the defendant so carried on and practiced the said art, mystery, and profession of physician and surgeon, and while he carried on, filled, and occupied the office of professor as aforesaid, to-wit, on the eighteenth day of September, 1880, at the city of Detroit, aforesaid, and being such physician, surgeon, and professor of the art and mystery, as aforesaid, the said defendant was employed, and a reasonable reward to be therefor paid, to skillfully and carefully treat, set, cure, and heal the left leg of the said Elizabeth Hanselman, which she had disruptured, broken, fractured, wounded, and bruised, and *did* to-wit, on the eighteenth day of September, A. D. 1880, at the city of Detroit, aforesaid, *agree* and *undertake*, within a reasonable time, *to* skillfully and carefully treat, set, cure, and heal the leg of the said plaintiff, disruptured, broken, fractured, wounded, and bruised, as aforesaid, and to carefully and skillfully look after and care for the physical constitution and health of the said plaintiff during his time of treatment of said leg, and not, without reasonable notice or just cause, quit treatment or abandon said case: *Yet* the said defendant then and there so negligently, carelessly, and unskillfully behaved and governed himself, in and about the care of said plaintiff, and in and about the setting, treatment, and care of her said leg, disruptured, fractured, wounded, and bruised, in not properly setting the same, and in not using the proper care, attention, medicaments, appliances, and skill in the treatment of said leg, that by and through neglect, carelessness, default, and the unskillfulness of the said defendant, as such physician and surgeon, the said plaintiff was, and is still, caused to suffer great and excruciating pain in her said leg; and her said leg was caused to become greatly swollen, inflamed, festering, and diseased, to an unnecessary extent; and the bones of said leg caused and allowed to override and overlap, and the said leg to become greatly shortened, blackened and diseased, and does still so remain; and the general health of the said plaintiff greatly impaired, weakened, and ruined, to such an extent that she has been unable to do any kind of labor, and unable to move or use said leg without great pain and suffering, and much of the

what the defendant did not show proper skill, and in what regard or manner the defendant failed to bestow due care and attention to the said plaintiff, in the treatment of the leg of said plaintiff;

(5) That it does not positively allege any negligence, carelessness, and unskillfulness on the part of the defendant;

(6) That it is ambiguous in that it does not allege, with sufficient plainness, whether the defendant used no medicaments, appliances, etc., at all, or whether he did use medicaments, appliances, etc., but such as were not sufficient and proper; and also that the said declaration is in other respects uncertain, informal, and insufficient."

---

time not without the aid or use of crutches or other supports for a long space of time, to-wit, from the said eighteenth day of September, 1880, to the time of filing this, her declaration.

And for that, whereas, the said plaintiff, at the time of said accident, disrupture, break, fracture, wound, and bruise, and at the time the said defendant began treating the same, was a reasonably strong and robust woman, in good health, able to and did work at daily labor, washing and ironing for herself and family, and doing the work for her household, at the same time washing, ironing, mending, cleaning, and repairing clothing for other people, thereby earning from five to ten dollars a day. And whereas, the defendant aforesaid, as such physician and surgeon, and holding himself out to the public as one skilled in his art, mystery, and profession, did undertake to care for the said plaintiff, skillfully, and in a reasonable time to carefully treat, set, cure, and heal the leg of said plaintiff, disruptured, broken, fractured, wounded, and bruised; yet the said defendant did so negligently, unskillfully, and carelessly treat the said plaintiff that by reason of his neglect, unskillfullness, and carelessness, and by reason of his failure to put the bone or bones of said leg properly in apposition, and to use the proper means for so placing and keeping said bones in apposition; and by reason of his failure to use the proper appliances, at the proper time, in the treatment of said leg; and also by reason of the gross neglect and inattention of the said defendant in not measuring and thoroughly examining, and properly treating, the leg of the said plaintiff—her said leg became shortened and diseased, and is left uncured, and the health of said plaintiff became greatly injured, weakened, and reduced, and will ever so remain; and from the date of said accident to the present time the said plaintiff, by reason of her said ill health, the pain and suffering from her said leg, diseased and uncured as aforesaid, she has been wholly unable to attend to the duties of her own household, much less to earn anything by her daily labor, and has been caused to suffer and still suffers great pain and agony; and whereas, the said defendant, without notice, quit treatment, abandoned, and deserted the said plaintiff, leaving her in a weak and feeble condition, and the bones of said leg improperly set and the leg uncured, which, under the said negligent, careless, and unskillful treatment of the said defendant, has in fact become incurable.

Wherefore she says she is injured, and has sustained damages, to the amount of ten thousand dollars, and therefore she brings this suit, etc.

*August* 31, 1885.                    JANUARY & POTTS.
                                        *Plaintiff's Attorneys.*

The demurrer was sustained by the judge of the superior court of Detroit, and final judgment entered for the defendant, with costs.

The plaintiff brings error.

The defendant was a physician and surgeon. Good pleading required the plaintiff by a specific averment to state the duty he owed to the plaintiff. The declaration states he was such physician and surgeon, and as such was employed by the plaintiff to set her broken limb, and give her the necessary care and medical treatment. The averment of such employment was a sufficient averment of his duty under such circumstances.

The remaining causes of demurrer specified may be considered together. The statement of the facts and circumstances material and necessary to show a cause of action are not very full or specific, but we think are sufficient to apprise the defendant upon what the plaintiff relies for recovery—are traversable, and, if proved, will entitle her to maintain her action.

The declaration avers her injury, its character, and her illness; the professional character and ability, and her employment, of the defendant in that character; his undertaking her treatment in his character as physician and surgeon, and his promise that he would within a reasonable time carefully and skillfully treat, set, cure, and heal her broken limb; would look after and care for her health and constitution during the time of the necessary treatment of her broken limb, and would not, without reasonable notice or just cause, quit such treatment or abandon her case.

She further avers that the defendant carelessly, negligently, and unskillfully conducted himself in and about her case; that he did not properly set her broken limb; that he did not use proper care or skill in treating her, or in setting her limb; that he did not give proper attention, use proper medicaments, appliances, or skill, in setting and treating her broken limb; that he caused the bones of the leg to override and overlap, and the leg to become shortened and diseased, and her health to be ruined; that he did not, by

the use of proper means, keep the bones of the leg in apposition, and did not place them in apposition, and by reason of such gross neglect and carelessness, inattention and mistreatment, she is greatly injured; and that he, without any notice or cause, deserted and abandoned her case, leaving her in an incurable condition, and without hope of recovery.

Such is the substance of the averments contained in the declaration. The facts required to be stated in the declaration, like those found by a special verdict, are deduced from other facts, to be found from the testimony, and must be such as will enable the court to declare the law in the case; so that it will be seen that the facts upon which the rights of the plaintiff are made to depend are in a certain sense conclusions, but are nevertheless the kind of facts required in pleading in stating the plaintiff's cause of action, while the others are the testimony furnishing the evidence of those facts, and not proper to be given in the declaration: 2 Chit. Pl. 650; Bliss, Code Pl. § 211; *Grinde v. Milwaukee & St. P. Ry. Co.* 42 Iowa, 376; *Oldfield v. New York & H. R. Ry. Co.* 14 N. Y. 310; *Clark v. Chicago, M. & St. P. Ry. Co.* 28 Minn. 69; *Nolton v. Western R. Corp.* 15 N. Y. 444. This we understand to be the rule, and which is in harmony with the views heretofore expressed by this Court, so far as it has said anything upon the question: *Lucas v. Wattles*, 49 Mich. 382.

There is much learning and refining contained in the books upon the subject, and much that has been said rather tends to confuse than to elucidate, and it is unnecessary to quote or review the authorities. We have stated the rule as we understand it, and when applied to the case before us it seems quite clear that the declaration must be held sufficient.

The negligence, omissions, and improper treatment by the defendant are stated as facts, and by them the defendant is notified with what misconduct in his profession he is charged. He must, therefore, necessarily understand that the circumstances which will show, or tend to show, such misconduct will be made the issue upon the trial, and it is entirely unnecessary to set them out in the declaration.

The whole object of pleading is fully accomplished without this being done, and much prolixity in the declaration is avoided by the omission.

Technicalities like those raised by this demurrer should, as much as possible, be avoided. They are no longer looked upon with favor by the courts. The merits in every case should be reached as soon as possible.

The omission of the circumstances in the declaration in this case, whatever they may be, could not well prejudice the defendant, for they were necessarily more properly and peculiarly within the knowledge of the surgeon who is guilty of the wrong charged, if any, than they possibly could be within that of the plaintiff.

The judgment must be reversed, and the demurrer over-ruled. The defendant will be allowed twenty days within which to plead, and the cause will be remanded to the court below for further proceedings.

The plaintiff will be allowed her costs in this Court.

The other Justices concurred.