Jones, Appellant, vs. Burtis, Respondent.

*October 6 — October 23, 1894.*

*Pleading: Counterclaim: Physicians and surgeons: Malpractice.*

1. In an action for services as a physician the answer, "by way of a
further and second counterclaim," alleged malpractice, and that
defendant had paid plaintiff a certain sum which he had not earned
by reason of his want of skill, etc., and that defendant claims to
recover the same back "as a counterclaim against him herein."
A separate paragraph, immediately following, stated "that in con-
sequence of his want of medical skill and of his failure to treat her
as he should have done, as a skilful physician and surgeon, *as above
set forth*" defendant suffered damage to a certain amount, "and
sets up the same in this answer as a counterclaim," etc. *Held,* that

all the allegations mentioned constituted but one counterclaim, with a statement of separate items of damage under it.

2. To state a cause of action against a physician for malpractice, it is not necessary to aver that it was his duty to act skilfully, since that will be implied from his employment as a physician.

APPEAL from the Circuit Court for *Waukesha* County. The plaintiff sued to recover a balance of $410 alleged to be due him from the defendant for services rendered to her as a physician and surgeon, and also for $69.50 for moneys had and received by the defendant to his use. The defendant, after answering the allegations of the complaint, interposed a counterclaim, to which the plaintiff replied, and she also set up, " by way of a further and second counterclaim," a cause of action for malpractice, in a diffuse, prolix, and somewhat inartificial manner, and after alleging as damages, in consequence, that she was made much worse and her malady more stubborn and difficult to cure, and that she was required to and did make large expenditures, in consequence of the plaintiff's want of medical skill, before she could be cured, and that she had paid plaintiff $260 for said services which he did not earn by reason of his said want of skill, she claimed in this action to recover the same back "as a counterclaim against him herein."   Immediately succeeding this claim was a paragraph as follows: " And that in consequence of his want of medical skill, and of his failure to treat her as he should have done, as a skilful physician and surgeon, *as above set forth,* she did suffer damages, both mental and physical, on account of such failure, neglect, and want of skill, to the amount of $5,000, for which she claims damage against him, and sets up the same in this answer as a counterclaim and cause of action accruing to her," etc.

The plaintiff treated all the matter subsequent to the counterclaim to which he replied as containing two other counterclaims, and demurred thereto separately, regarding

the last paragraph as a separate and third counterclaim. The circuit court made an order overruling these demurrers, from which the plaintiff appealed.

*Geo. E. Robinson*, for the appellant.

*Warham Parks*, for the respondent.

PINNEY, J. It is plain that the circuit court properly regarded all that part of the answer after the first counterclaim, to which the plaintiff replied, as constituting but one counterclaim, denominated and numbered by the pleader as his second counterclaim. It is true that, after setting forth the facts upon which the defendant relied to establish the plaintiff's liability for malpractice, she quite unnecessarily states that she claimed to recover back what she had paid him, *as a counterclaim*, and then, in the next paragraph, states that in consequence of his failure to treat her properly, as a skilful physician and surgeon, " as above set forth," she claimed $5,000 damages for her consequent physical and mental suffering, " as a counterclaim and cause of action," etc. This paragraph expressly refers back to what precedes it, and the statement is, in substance, that she claims these several items of damages stated as counterclaims, or, in other words, as separate items of damage under her second counterclaim, properly numbered and denominated as such. While the pleading is inartificially and loosely drawn, we must put a fair and reasonable construction upon it as a whole, and not a strained one which will defeat it or render it insufficient.

It was sufficient for the defendant to aver that the plaintiff was a physician and surgeon; that the defendant retained and employed him as such to attend upon her for reward; that he accepted and entered upon such employment, yet the plaintiff conducted himself in an ignorant, unskilful, and negligent manner, whereby the defendant became worse, and was greatly injured in her health, and suffered

from pain, etc., to her damage, etc. 2 Chit. Pl. 607, and cases in note; *Peck v. Martin*, 17 Ind. 115. All these necessary averments are found, in substance, in the second counterclaim. The employment of the plaintiff as a phy- sician and surgeon by the defendant is expressly alleged, and in substance that at the time he falsely represented to her that he possessed the necessary knowledge, etc., as a medical practitioner. It was not necessary to expressly aver that it was the plaintiff's duty to act skilfully. His duty will be implied from his employment as a physician and surgeon. Construing the second counterclaim as em- bracing all the matter which the plaintiff's counsel has treated as a third counterclaim, it is clear that the second counterclaim sets out a single, valid cause of action for malpractice, with an enumeration of different claims of damages under it. The plaintiff's demurrers were there- fore properly overruled.

*By the Court.*— The order of the circuit court is af- firmed.