## CROWTY, Respondent, vs. STEWART, Appellant.

*February 25 — March 16, 1897.*

*Pleading: Complaint for malpractice.*

A complaint in an action for malpractice, which alleges that plaintiff's leg was broken; that the defendant being at that time a surgeon, the plaintiff employed him as such surgeon to examine such broken leg and ascertain the extent of the injury and to set the same if broken and to treat and heal the same for whatever was the injury to it; that defendant undertook as a surgeon to do so; that he examined said leg in a negligent and unskilful manner and failed to ascertain that the same was broken, or the extent of the injury thereto, and treated and tried to heal the same as though it was not broken; and that by reason of the defendant's negligent and unskilful examination and treatment plaintiff was made sick and kept from attending to his business and suffered much pain, etc., *held*, to contain in substance all the necessary averments.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

The action is for malpractice, the complaint being as follows: " The complaint of the above-named plaintiff respectfully shows to the court: That in the month of May, A. D. 1894, the plaintiff was, at the city of Duluth, in the state of Minnesota, kicked on the right leg by a vicious horse, and the same thereby broken and greatly injured. That at that time, the defendant being a surgeon, the plaintiff called and informed him of the manner of receiving such injury, and employed him, as such surgeon, to ,examine such broken leg and ascertain the extent of the injury thereby .caused, and to set the same, if broken, and to treat and heal the same, for whatever the injury was to it; and for that purpose the said defendant undertook, as a surgeon, to examine said injured leg, to ascertain whether the same was broken, and also undertook to treat and heal said injured leg for whatever the injury was or may have been to it. That pursuant to said undertaking said defendant examined the said injured leg of the plaintiff in a negligent and unskilful manner, and failed to ascertain that the same was broken, or the extent of the injury to the same, and that he treated and tried to heal the same as though it was not broken, greatly to the plaintiff's injury. That, by reason of the defendant's negligence and unskilful examination and treatment of plaintiff's said broken leg, the plaintiff was made sick and kept from attending to his business ever since the date aforesaid, suffered much pain and annoyance, and was put to great expense, and has been and still is disabled from attending to his labor and business, to the damage of the plaintiff nineteen hundred and fifty dollars."

A general demurrer to the complaint was overruled, and the defendant appealed.

The case was submitted by both parties on briefs.

*W. M. Steele,* attorney, and *Edson & Hanks,* of counsel, for

the appellant, contended that the complaint was insufficient. because it failed to state that the employment of defendant was for hire or reward. Bliss, Code Pl. §§ 268, 279, and notes;. *Jones v. Burtis,* 88 Wis. 478.    Also because it fails to show that the defendant was qualified to practice under secs. 1436, 1437*a*, S. & B. Ann. Stats., so as to be entitled to compensation, and a promise cannot be implied.    The injury to plaintiff is not alleged to result from the defendant's failure to exercise ordinary professional care, skill, knowledge, or judgment.

· *Swift & Cooper,* for the respondent, contended that the fact of defendant's employment raises an implied promise to compensate, and a duty on his part to exercise ordinary skill.    *Peck v. Hutchinson,* 88 Iowa, 320; *Morrill v. Tegarden,* 19 Neb. 524.

Winslow, J.    It is manifest that the complaint is entirely sufficient.    It contains, in substance, the averments declared by this court to be necessary in the case of *Jones v. Burtis,* 88 Wis. 478.    No further treatment of the subject is necessary.

*By the Court.*— Order affirmed.

