The Weed & Gumaer Mfg. Co. vs. Whitcomb and another.

THE WEED & GUMAER MANUFACTURING COMPANY, Appellant, vs. WHITCOMB and another, Receivers, Respondents.

*November 1 — November 22, 1898.*

*Railroads: Killing of animals: Notice of claim: Condition precedent.*

The manifest purpose of the provision of sec. 1816b, Stats. 1898, that no action against a railroad company for stock killed or injured shall be maintained unless, within one year after the event causing the damage, written notice of the claim is given to the corporation, was to give such corporation an opportunity to investigate the matter before being sued, and such notice must be deemed a condition precedent to the suit. A notice not served until after a suit had been prosecuted to judgment in a justice's court and appealed from by the company, though within one year, is not a compliance with the statute.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

*A. L. Hutchinson,* for the appellant.

For the respondents there was a brief by *Howard Morris* and *Thos. H. Gill,* and oral argument by *Mr. Gill.*

CASSODAY, C. J.    This action was commenced in justice's court to recover $100, the alleged value of a horse belonging to the plaintiff, which is alleged to have, on August 25, 1896, escaped from the lands of the plaintiff to the right of way of the Wisconsin Central Railroad Company, of which the defendants were receivers, through the carelessness and negligence of the defendants, and while there to have been killed by being struck and run over by a train of cars and locomotive engine upon the track of said railroad; that said horse was killed by reason of the carelessness and negligence of the defendants; that the defendants had refused to pay for the same, although due notice and demand for payment thereof had been made on the defendants. The defendants

answered by way of admissions and denials. Upon the trial before the justice, December 28, 1896, the court found the defendants guilty of negligence, and that the plaintiff was entitled to recover judgment for $100 and the costs of the action, taxed at $20.46. From that judgment the defendants appealed to the circuit court.

On August 4, 1897, the plaintiff caused a written notice to be served upon the defendants, which notice described the place and time and killing of the horse, its value, and that satisfaction therefor was claimed of the defendants, as required by ch. 202, Laws of 1893. On November 8, 1897, the case was called for trial before the circuit court and a jury, when the plaintiff moved for leave to amend its complaint by adding thereto an allegation of the giving of such notice August 4, 1897. That motion was denied. Thereupon, and after a witness had been sworn on behalf of the plaintiff, the defendants objected to the admission of any evidence under the complaint, for the reason that it did not state facts sufficient to constitute a cause of action; which objection was sustained by the court. Thereafter the court ordered judgment to be entered in favor of the defendants and against the plaintiff dismissing the action, and for costs to be taxed. From the judgment entered thereon accordingly the plaintiff brings this appeal.

The statute provides, in effect, that no action against any railroad corporation for damages for stock killed or injured by such corporation shall be maintained unless, within one year after the happening of the event causing such damage, notice in writing, signed by the party owning such stock, his agent or attorney, shall be given to the corporation against which damage is claimed, stating the time and place where such damage occurred, and that satisfaction therefor is claimed of such corporation. Such notice may be given in the manner provided for the service of summons upon such corporations in courts of record. Laws of 1893, ch. 202;

Stats. 1898, sec. 1816*b*. There was an attempt made to prove by parol that a letter was written to the attorney of the defendants in relation to the killing of the horse, but it was a failure. There is no pretense that any written notice, as required by the statute, was served on the defendants before the commencement of this action. The question recurs whether the notice served August 4, 1897,— more than seven months after the rendition of the judgment in favor of the plaintiff in justice's court,— satisfied the requirements of the statute. The statute requiring the prescribed notice to be given to the corporation is mandatory. *Atkinson v. C. & N. W. R. Co.* 93 Wis. 366; *Donovan v. C. & N. W. R. Co.* 93 Wis. 376. True, the statute does not say that no action shall be commenced until the notice is given, but does say that no action shall be "maintained" unless the notice is given within the year. Contrary to the statute, this action was maintained, and judgment recovered in the justice's court, months before the giving of such notice. Had not the defendants appealed to the circuit court, that judgment would have been collected and the statute nullified. The manifest purpose of the enactment was to enable the corporation to investigate, and then pay if practicable, and, if not, prepare for the defense. To carry into effect such purpose, the notice must be regarded as a condition precedent. This construction is in harmony with that given to sec. 1339, R. S. 1878.

*By the Court.*— The judgment of the circuit court is affirmed.