Meisenheimer vs. Kellogg.

MEISENHEIMER, Respondent, vs. KELLOGG, Appellant.

*February 3 — February 27, 1900.*

*Action: Notice: Condition precedent or limitation? Waiver: Pleading.*

1. A statute (in this case subd. 5, sec. 4222, Stats. 1898) requiring a no-
   tice to be given prior to the commencement of an action to enforce
   a common-law right does not prescribe a condition precedent to
   the cause of action, but is in the nature of a statute of limitations;
   and the objection that the notice was not given is waived unless
   taken by answer or demurrer. *Weed & G. Mfg. Co. v. Whitcomb*,
   101 Wis. 226, and *Ryan v. C. & N. W. R. Co.* 101 Wis. 506, so far as
   they hold to the contrary, overruled.
2. In such a case the objection that a sufficient notice was not given
   is not raised by a general demurrer, even though a copy of the no-
   tice given is annexed to and made a part of the complaint.

APPEAL from an order of the superior court of Milwaukee
county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action to recover damages for malpractice. The
complaint alleges, in substance, that on and prior to the
23d day of August, 1897, the defendant was a physician and
surgeon duly licensed to practice as such in the state of Wis-.
consin, and engaged in the practice of his profession in the

city of Milwaukee, and that he held himself out to the pub-
lic as a skilful physician and surgeon; that on or about the
23d of August, 1897, the plaintiff employed the defendant
as such physician and surgeon, for a compensation thereafter
to be paid, to treat the plaintiff's left wrist joint, which was
then swollen and painful, and that he submitted said wrist
joint to the defendant for examination and treatment, and
that the defendant did then examine and undertake to treat
said wrist joint for the purpose of curing said ailment; that
in the course of such treatment the defendant used and
placed upon such wrist joint certain corrosive substances,
medicines, and drugs, which destroyed the skin and tissues
and a portion of the muscles; that said treatment was of no
use or benefit, and was not proper treatment, but was neg-
ligent and careless treatment, and not in accord with the
rules of any school of medicine or surgery; that the said
drugs and medicines were highly deleterious, dangerous,
and improper drugs and medicines to use upon said wrist,
and were such drugs and medicines as physicians possessed
of ordinary learning and skill, practicing in that vicinity,
would not have used and employed in treating said ailment;
that the defendant continued to treat said wrist from the
23d day of August until about the 10th day of November,
1897, but did not treat the same as frequently or in such a
manner as the same ought to have been treated, or would
have been treated by physicians possessing ordinary skill,
residing in said vicinity; that because of the destruction of
said skin, tissues, and muscles, caused by said unskilful and
negligent treatment, the plaintiff has suffered much pain
and suffering, and has been put to much unnecessary ex-
pense to effect a cure for said wrist, and has suffered a per-
manent injury to said wrist and to his left hand and arm,
which has rendered him incapable of following his trade or
doing any kind of work, whereby the plaintiff has suffered
damage in the sum of $10,000; that on the 7th day of.

July, 1898, the plaintiff caused a notice in writing to be served on the defendant, stating the time and place where such damage occurred, and the manner in which said injuries were received, and the grounds upon which the claim was made, and that satisfaction thereof was claimed of the defendant. A copy of said notice so alleged to have been served was attached to, and made a part of, the complaint.

The defendant demurred to the complaint on three grounds: (1) That the court has no jurisdiction of the subject of the action; (2) that several causes of action have been improperly united; and (3) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant appeals.

*Geo. L. Williams*, for the appellant.

*John C. Kleist*, for the respondent.

WINSLOW, J. But one ground of demurrer is insisted upon in this court, and that is the general ground that the complaint does not state facts sufficient to constitute a cause of action. Upon this question the decisions of this court in *Jones v. Burtis*, 88 Wis. 478, and *Crowty v. Stewart*, 95 Wis. 490, are quite conclusive in support of the complaint. All the allegations which were held sufficient in these cases to set forth a good cause of action for malpractice are contained in the present complaint, and it is not necessary to elaborate the question here.

But it is argued that the notice of the injury which is set forth in the complaint is insufficient, in that it does not set forth the place where the damage occurred (subd. 5, sec. 4222, Stats. 1898), and that the giving of a sufficient notice is a condition precedent to the cause of action, and hence that no legal cause of action is alleged. The radical difficulty with this argument is that the notice required by the statute above mentioned is not a condition precedent to the cause of action, but is merely a statute of limitation. The distinction

was clearly pointed out in the recent case of *Relyea v. Tomahawk P. & P. Co.* 102 Wis. 301. It was there stated, in substance, that a notice required to be given before the commencement of a purely statutory action (such as an action against a city for injuries resulting from a defective highway) is necessarily a condition precedent to the cause of action, because, the entire right of action being given by statute, it only comes into existence when the required notice has been given, but that a notice required to be given by statute prior to the commencement of an action to enforce a common-law right (such as the case now before us) is necessarily a statute in the nature of a statute of limitations, because the right exists without the aid of any statute. No argument in support of this conclusion would seem to be required. The right of action exists independently of statute. The requirement of notice within a certain time simply sets a new time limit within which a certain step necessary to enforce the right must be exercised. It is not a condition which must exist before any right comes into being.

This distinction was evidently overlooked in the cases of *Weed & G. Mfg. Co. v. Whitcomb,* 101 Wis. 226, and *Ryan v. C. & N. W. R. Co.* 101 Wis. 506, where the notice required to be given by sec. 1816*b*, Stats. 1898, in case of the negligent killing of stock by a railroad company, was said to be a condition precedent to the maintenance of the action. In neither of these cases, however, was the question directly raised, nor was the attention of the court directed to it, but it was, in effect, conceded on both sides that the notice was a condition precedent; and the holding in those cases must now be considered as expressly overruled upon this point, as it was impliedly overruled by the conclusion reached in the *Relyea Case.*

Being a statute of limitation, the objection that the notice was not given must be taken either by answer or demurrer,

or it is waived.   Stats. 1898, sec. 4206.   Whether the objection can be taken by demurrer, under the present statute regulating the grounds of demurrer (sec. 2649), may admit of some doubt.   The seventh subdivision of that section, which is the only one relating to the subject, provides for a demurrer on the ground "that the action was not commenced within the time limited by law."   As will be readily seen, that is not precisely the objection sought to be raised here.   But we are not called upon to decide this question now.   If the statute has provided no demurrer for this cause, still the objection may be readily taken by answer, as was always the method at common law prior to the adoption of the Code.   As no such objection is now raised either by answer or demurrer, the question of the sufficiency of the notice is not before us.

*By the Court.*— Order affirmed.