LUEKE, Respondent, vs. SENN, Appellant.

*April 26—May 15, 1917.*

*Pleading: Joinder of causes of action: Negligence and gross negligence: Malpractice by physician.*

1. A cause of action based upon the same facts may be pleaded in the same complaint, first as creating a liability for ordinary negligence, and second as creating a liability for gross negligence, depending upon the inferences to be drawn from the facts.
2. In an action against a physician for malpractice a complaint stating, as a first cause of action, facts sufficient to show ordinary negligence, and, as a second cause of action, stating the same facts and that defendant "wantonly and wilfully misrepresented to her [plaintiff] and falsified to her" in regard to his ability and her condition, is *held* to state but one cause of action, the facts alleged in the so-called second cause of action not being sufficient to show a liability for gross negligence.

APPEAL from an order of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Modified and affirmed.*

Malpractice. Demurrer. Briefly the complaint shows the following facts: That the defendant is a licensed physician and surgeon and that on the 9th day of July, 1913, he was called in consultation with a physician who had previously attended the plaintiff during childbirth; that at the solicitation of the defendant the plaintiff discharged her physician and employed defendant; that he represented himself to her as a very skilful man of remarkable ability in his profession; that following her confinement she had suffered from blood poisoning; that the defendant performed an operation known as curettement; that she had trouble with her left leg and foot; that at the direction of the defendant the leg was elevated; that when she recovered from her blood poisoning she found her leg was stiff and could not be moved, in which condition it continued until the 25th of May, 1914, when at the direction of the defendant she was taken to a hospital, anæsthetised, and her leg broken at the knee so as to straighten it; that the defendant represented himself to be a man of great skill, fully competent to perform such operation; that following the breaking of the leg it became discolored and intensely painful; that the defendant continued to assure her that she was getting along finely and that she would soon recover; that such condition continued until the big toe of her left foot dropped off and her leg became shriveled and wasted; and that on the 26th of September, 1914, plaintiff called in other physicians and in order to save her life amputation of the leg was necessary. The complaint then continues:

"Plaintiff alleges further that the defendant negligently permitted said knee to become stiff and in the position in which it was by permitting it to remain in a raised condition and by supporting it in such condition. That said defendant negligently broke such knee and negligently failed to discover that in breaking such knee the blood supply below the knee had been cut off, and that such defendant negligently

reported to this plaintiff that she was recovering, doing finely, and getting well.

"Plaintiff alleges further that solely through the negligence and wanton misconduct of the said defendant she has suffered the loss of her left limb, to her damage in the sum of twenty-five thousand dollars."

As a second cause of action the plaintiff alleges

"that in making the representations to her set forth in the first cause of action, concerning his ability and proficiency and in regard to her condition, that the said defendant wantonly and wilfully misrepresented to her and falsified to her in such regard and particularly in regard to the fact that she was improving, whereas she was not, and that through and by reason of such wilful and wanton misstatements the plaintiff continued under the care of the defendant, and that by reason of such continuance she was required to finally have her left limb amputated above the knee, all to her damage in the sum of twenty-five thousand dollars."

To the complaint the defendant interposed a demurrer as follows:

*"First cause of action.*

"1. That there is another action pending between the same parties for the same cause, to wit: the second cause of action set forth in plaintiff's complaint.

"2. That several causes of action have been improperly united.

"3. That it does not state facts sufficient to constitute a cause of action.

*"Second cause of action.*

"1. Upon the ground that it does not state facts sufficient to constitute a cause of action."

The trial court overruled the demurrer and the defendant appeals.

The cause was submitted for the appellant on the brief of *Lines, Spooner, Ellis & Quarles* of Milwaukee and *Greene, Fairchild, North, Parker & McGillan* of Green Bay, and for the respondent on that of *Minahan & Minahan* of Green Bay.

ROSENBERRY, J.   The trial court was of the opinion that the pleader intended to plead ordinary negligence in the first cause of action and gross negligence in the second cause of action; that two good causes of action were stated, one for ordinary negligence and one for gross negligence, and that for that reason there was no improper joinder, and wholly over-ruled the demurrer.

That a cause of action based upon the same facts may be pleaded in the same complaint, first as creating a liability for ordinary negligence, and second as creating a liability for gross negligence, depending upon the inferences to be drawn from the facts, is clear from *Astin v. C., M. & St. P. R. Co.* 143 Wis. 477, 128 N.W. 265.   We are further of the opinion that that part of the complaint denominated first cause of action states facts sufficient to constitute a cause of action for that kind of negligence commonly denominated malpractice. We are of the opinion that the facts stated in that part of the complaint denominated second cause of action are not suffi-cient to constitute a cause of action showing liability for gross negligence and that therefore but one cause of action is stated in the complaint.   The only difference between the two causes of action attempted to be set forth in the complaint is that in the second the defendant is said to have "wantonly and wilfully misrepresented to her and falsified to her in such regard," etc.   No additional fact or inference is stated. Calling a thing names does not change its character or com-position, add to, or detract from it.   The demurrer, there-fore, should have been overruled as to the first cause of action and sustained as to the second cause of action, and the order of the trial court should be modified accordingly.

*By the Court.*—The order appealed from is modified as stated in the opinion, and as so modified is affirmed, with no costs to either party except that respondent is to pay clerk's fees in this court.