GELLENBECK, Respondent, v. CITY OF MOBRIDGE,. Appellant.

(166 N. W. 631.)

(File No. 4175.  Opinion filed March 8, 1918.  Rehearing Denied May 7, 1918.)

1.  Negligence—Defect in Sidewalk—Unguarded Basement Hole—City's Imputed Notice of Defect, Evidence of.

Where plaintiff, a stranger to the city, while passing upon a sidewalk in the night time along the side of a building in front of which was a hole in the sidewalk for purpose of admitting light into the basement, there being no guard rail or screen over it, nor any street or other light so placed in the city as to reveal presence of the hole; which condition had continued for over five weeks previous to date of accident, held, in a suit by plaintiff against the city for damages resulting from personal injury to her from falling into the hole, that the city had imputed notice of the dangerous condition of the walk by reason of the unguarded hole; the case differing from one where a once safe sidewalk was in need of repairs, or where there was some latent defect therein; and the city was negligent in permitting said hole to remain so unguarded during darkness of night.

2.  Municial Corporations—Streets, Sidewalks Inspection, Duty of Commissioners—Rule.

. Under the law of this state the care and control of public streets of a city is in charge of city council or commissioners; their duty is to inspect and supervise construction of sidewalks, even though constructed by an adjoining lot owner, and to know and ascertain that same are so constructed as to be reasonably safe for persons lawfully using same.

3.  Actions—Recovery for Personal Injury—No Statutory Notice of

**Injury Before Suit—Notice as Statute of Limitation—Common-law Negligence, Distinguished from Statutory—Pleading Defense in Answer, Necessity.**

In a suit against a city for personal injury resulting from falling into an unguarded hole in a sidewalk, held, that Laws 1907, Ch. 90, Sec. 1, providing that no such action shall be maintained unless written notice of time, place, and cause of injury is given to city clerk, etc., by the injured person, within 60 days after the injury, non-service of said notice can be raised only by being affirmatively pleaded by answer; that where such statutory notice does not constitute an essential element of right of action, but relates solely to the remedy, it is in the nature of a statute of limitation; while where such notice constitutes an element of the cause or right of action, as distinguished from remedy, or where it is an essential element of both right of action and remedy, it is a condition precedent to right to sue, in either of which cases giving of the notice must be alleged and proven by plaintiff as part of his cause of action. Held, further, that the basic cause of action in the present case was common-law tort negligence, of which the giving of such notice formed no essential part; which is the character of negligence comprised in said statute. Where, however, the right of action itself is created by statute and requires such precedent notice, the giving of such notice is part of the right of recovery.

Appeal from Circuit Court, Walworth County. Hon. ALVA E. TAYLOR, Judge.

Action by Ellen Gellenbeck, against the city of Mobridge, to recover for personal injury alleged to have been received by plaintiff from falling into a hole in a sidewalk. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*J. E. Clayton, Pat Morrison,* and *Julius Skaug,* for Appellant.

No appearance for Respondent.

(3) To point three of the opinion, Appellant cited: 28 Cyc. 1353, 1388, 1390, and note 20.

McCOY, J. Action for personal injury alleged to have been received by plaintiff by reason of having fallen into a hole in a sidewalk in defendant city. There was verdict and judgment for plaintiff, and defendant appeals.

[1] The only material contention urged by appellant is that it had no notice of the defect in the sidewalk which is

alleged to have caused respondent's injury. It appears from the testimony preserved in the record that a new business building had just recently been constructed in the city of Mobridge upon one of its principal streets; that about the 1st of November, 1911, a cement sidewalk 10 feet wide was constructed in the public street along and adjoining the side of said new building; that a hole, for the purpose of admitting light into the basement of said building, was constructed about 22 inches wide, 4 feet long and 7 feet deep; that no railing, guard, or screen of any kind had been placed around or over this hole at the time of the accident; that this hole remained in said unguarded condition from about the 8th of November until the night of the accident, which occurred about 8 o'clock p. m. on the night of November 21, 1911; that respondent was a stranger in the city of Mobridge, and whilst she was lawfully upon said sidewalk passing along the side of said building, in company with her husband, she fell into said hole and was injured; that by reason of the darkness of the night said hole was not visible to respondent, and that she had no previous knowledge of the existence thereof; that no street or other light was so placed in said city as to reveal the presence of said hole at the time respondent fell therein. We are of the opinion that under these circumstances the appellant must be imputed with having notice of the dangerous condition of said sidewalk by reason of the existence of said unguarded hole. This is not a case where there was once a safe sidewalk that had become out of repair, or where there existed some latent defect in an otherwise apparently safe walk; but the defect here involved was one of original construction, perfectly visible to whomsoever might pass along or inspect the same by daylight; this hole in question was a part of the original construction of a newly made sidewalk constructed by the lot owner along the side of said new business building.

[2] Under the law of this state the care and control of public streets of a city is in charge of the city council or commissioners, and it is their duty to inspect and supervise the construction of such sidewalks upon the streets, and to know and ascertain that such sidewalks are so constructed as to be reasonably safe for persons lawfully using the same. We are therefore of the opinion that the appellant was negligent in per-

mitting this hole in said sidewalk to remain unguarded by any rail, screen, or guard during the darkness of the night without any street or other light to warn pedestrians of the existence of the danger of falling therein, and that the city must be imputed with implied knowledge of such dangerous condition of said street. Although a sidewalk may be constructed by an adjoining lot owner, the construction still is under the control and supervision of the city whose duty it is to see that the same is made reasonably safe for travel. The sidewalk in question was in a very unsafe condition at the time respondent was injured, and which condition should have been known to defendant city. Boucher v. New Haven, 40 Conn. 456; Village of Jefferson v. Chapman, 127 Ill. 438, 20 N. E. 33, 11 Am. St. Rep. 136; Sherwin v. Aurora, 257 Ill. 458, 100 N. E. 938, 43 L. R. A. (N. S.) 1116, and note; Smith v. Yankton, 23 S. D. 352, 121 N. W. 848; 28 Cyc. 1386.

[3] Appellant also assigns as error the overruling of a motion to direct verdict in favor of appellant on the ground that there was no evidence to show that respondent had complied with the provisions of chapter 90, Laws of 1907, or that plaintiff served on the city clerk of appellant, within the time allowed by law, a notice specifying the date and character of the injury alleged. Section 1, c. 90, Laws of 1907, provides that:

"No action for the recovery of damages for personal injury or death against any city or incorporated town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city or incorporated town, by the person injured, his or her agent, or attorney, within sixty days after the injury, and any action for such recovery must be commenced within two years from the occurrence of the accident causing the injury or death, but the notice given under the provisions of this act shall not be deemed invalid or insufficient by reason of any inaccuracy in stating the time, place or cause of injury. Provided, it is shown that there was no intention to mislead and that the city council or board of trustees was not misled thereby."

While there is no evidence in the record tending in any manner to show any compliance with the provisions of this

statute, still, we are of the view that appellant is not in a position to take advantage of this lack of proof under the record of this case. We are of the opinion that the service of the 60 days' notice is in the nature of a statute of limitation, and that a failure to comply therewith by the failure to give such notice can only be raised by being affirmatively pleaded by answer. The complaint alleged the service of such a notice on January 13th, following the alleged injury which occurred November 21st. The answer, as to that portion of the complaint, consisted of general denial only. Where such a statutory notice does not constitute an essential element of the cause or right of action, but relates solely to the remedy, it is in the nature of a statute of limitation. Where the notice constitutes an element of the cause or right of action, as distinguished from remedy, or where it is an essential element of both right of action and remedy, it is held to be a condition precedent to the right to institute the action, in either of which cases the giving of the notice must be alleged and proven by plaintiff as a necessary part of his cause of action. The basic cause of plaintiff's cause of action in this case was common-law tort negligence, of which the giving of the notice in question formed no essential part. The negligence mentioned and comprehended in this statute in question relates and refers to common-law tort negligence for failure to observe some legal duty which the defendant city or town owed to the injured plaintiff. Where, however, the right of action itself is created by statute, and such statute requires such a notice to be given before suit, then the giving of such notice is included in and becomes a part of the right upon which the recovery is based, as the right to recovery in such cases depends upon the statute, as is the case in some of the employers' liability acts, and other statutes of like nature, such as section 1339, Wisconsin General Statute of 1898. It is quite probable that chapter 90, Laws of 1907, of this state had its origin in or was adopted from the statutes of Wisconsin. Section 4222, Gen. Wis. Stat. 1898, provides a six-year limitation as to actions for injury to the person, and also contains the provisions that:

"No action to recover damages for an injury to the person shall be maintained unless, within one year after the happening

11—Vol. 40, S. D.

of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. * * * No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received or the grounds on which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party, and that such party was not in fact misled thereby. * * *"

The substantial principle of the Wisconsin statute is the same as chapter 90, Laws of 1907, of this state. This Wisconsin statute applies generally to all personal injury actions against all manner of persons, while the statute of this state applies only to personal injury actions against cities and towns. The provision of the Wisconsin statute relative to the preliminary notice, like the provision in question in our statute, is found in company with and as a part of a general statute of limitation. The Wisconsin courts have constructed the provision of section 4222, relating to the preliminary notice before suit, to be a limitation statute, subject to the general rules relative to limitation statutes. In Malloy v. C. & N. W. Ry. Co., 109 Wis. 29, 85 N. W. 130, in construing this provision of said section 4222, it was said:

"Section 4222 limits the time for the commencement of an action to recover damages for an injury to the person to six years. It also contains a provision as follows [then follows the provision above quoted.] This statute was under consideration in the recent case of Meisenheimer v. Kellogg [106 Wis. 30] 81 N. W. 1033. Among the grounds urged against the sufficiency of the complaint was that the notice of injury set forth therein was not sufficient, and that such notice was a condition precedent to the cause of action. This contention was distinctly overruled on the ground that the cause of action was one that existed at common law, existing independent of the statute, and

that the requirement of notice simply set a new limit within which a certain step necessary to enforce the right of action must be exercised. In other words, the statute was one of limitation, and not a condition precedent to the right to sue. Gatzow v. Buening, 106 Wis. 1003 [81 N. W. 1003, 49 L. R. A. 475, 80 Am. St. Rep. 1]. It necessarily follows therefrom that an allegation of notice to the party who caused the injury was not essential to the cause of action stated. Neither allegation nor proof of service of such notice being necessary to the plaintiff's right to maintain his action, a statement in the complaint of the giving of such notice, and a denial in the answer, presented no issue fatal to the plaintiff's recovery. The cause of action was complete without such allegation, and a mere denial of it did not put the defendant in position to rely upon the limitation as a bar to the action. It has long been the rule of pleading that a party relying on the statute of limitations must plead it, or he cannot avail himself of that defense. Either the statute must be referred to, or the facts showing the limitation has run must be set out in the pleading, or it is waived."

Other Wisconsin decisions sustain the same view. Relyea v. Tomahawk Co., 102 Wis. 301, 78 N. W. 412, 72 Am. St. Rep. 878; Meisenheimer v. Kellogg, 106 Wis. 30, 81 N. W. 1033; O'Connor v. Fond du Lac, 109 Wis. 253, 85 N. W. 327, 53 L. R. A. 831; Bunker v. Hudson, 122 Wis. 43, 99 N. W. 448;; Arp. v. Allis-Chalmers Co., 130 Wis. 454, 110 N. W. 386, 8 L. R. A. (N. S.) 997, and note, 118 Am. St. Rep. 1036. In this state we have no statute in relation to personal injuries similar in nature to section 1339, Wis. 1898 Stat. The plaintiff's cause of action for personal injury, within the meaning of chapter 90, Laws of 1907, is based on common-law negligence for failure to observe some legal duty resting upon the defendant city or town, and not upon statutory negligence such as is comprehended within the meaning of section 1339 of the Wisconsin statute. Section 39, C. C. Pr., of this state, provides the question of the statute of limitations can only be raised by answer. We therefore hold that appellant, not having raised the bar of the statute for the failure to give the preliminary notice provided for by said chapter 90, Laws 1907, by answer,

was not in a position to raise that question in the trial court, or in this court.

Finding no error in the record, the judgment and order appealed from are affirmed.