NICKLEY, Administrator, and others, Respondents, vs. EISENBERG and others, imp., Appellants.

*November 12—December 8, 1931.*

For the appellants there were briefs by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *Stanley G. Gordon.*

For the respondents there were briefs by *M. L. Fugina* of Fountain City, attorney, and *Grady, Farnsworth & Walker* of Portage of counsel, and oral argument by *Dorothy Walker* and *Daniel H. Grady.*

OWEN, J. The complaint alleges that Marvin Nickley, deceased, was a son of Paul Nickley and Georgeena Nickley, and that the plaintiff Paul Nickley is the duly appointed administrator of the estate of Marvin Nickley, deceased; that the defendant Dr. A. A. Skemp is a duly licensed physician and surgeon practicing his profession as such in the city of La Crosse; that the defendants Ed. Eisenberg, Herbert Leberman, and A. Grau each were at the times mentioned in said complaint graduates of medical colleges, and internes at St. Francis Hospital at La Crosse, but were not licensed to practice medicine; that the defendants Roena Kerr and Helen Hanson were at the times therein mentioned undergraduate nurses at St. Francis Hospital at La Crosse; that Dr. Skemp had been for many years plaintiffs' family physician.

That on or about the 10th day of July, 1930, the plaintiffs employed said Dr. Skemp to remove the tonsils of their said

son Marvin, which employment was pursuant to advice there-tofore given by said Dr. Skemp that said tonsils should be removed; that Dr. Skemp advised said plaintiffs to have said operation performed at St. Francis Hospital at La Crosse; that such operation was performed at St. Francis Hospital on the 14th day of July, 1930; that the demurring defendants were employed by said St. Francis Hospital and, as part of their respective duties in the course of such employment, were assigned to and did assist Dr. Skemp in the care of said Marvin Nickley, including his treatment and care prior to, during, and subsequent to said operation, and that they were each the agents of said Dr. Skemp in so caring for said Marvin Nickley, and that they were intrusted by said Dr. Skemp with the care of said child in the absence and in the behalf of said Dr. Skemp. The complaint then alleges that Dr. Skemp carelessly and negligently performed said operation in respects not necessary to mention and "that the defendants and each of them were careless and negligent in the following respects in caring for said patient: in failing and omitting to examine said child at any time prior to said operation; in omitting to give said child a blood coagulation test at any time prior to said operation and treatment; in failing to properly examine said child throughout the period he was in said hospital; in refusing to call a duly licensed physician to care for said child after said operation; in failing to apply usual and customary methods of stopping bleeding; in failing to properly diagnose and determine the physical condition of said child, following said operation; in failing to inform each other of the condition of said patient as observed; in refusing to comply with the demands of the parents of said child that the condition of said child be reported to Dr. A. A. Skemp and that said doctor be called; in neglecting to give said child blood transfusions or take other means to revive him; and in permitting said child to bleed to death without proper care, treatment, and attention; that said Dr,

A. A. Skemp also carelessly and negligently refused to come to said hospital to see said child during the day of said operation, although repeatedly requested so to do by Georgeena Nickley," and that as a result of such negligence the child bled to death and died during the evening of the same day.

All of the defendants except Dr. Skemp demurred to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action against the demurring defendants.

The argument in support of the demurrer is to the effect that the failure of duty or lack of ordinary care charged in the complaint contemplates duties which under the law of this state may be performed only by practicing physicians, and that the complaint fails to charge the demurring defendants with duties which could be legally performed by them, and that, consequently, their failure to perform duties which they had no legal right to perform cannot constitute negligence on their part. The complaint does allege that three of the demurring defendants were internes at this hospital; that the other two were nurses at said hospital, and that they were all assigned by the hospital to the care of the patient. The very fact that they were in the employ of the hospital in the respective capacities mentioned, and that they were assigned by the hospital to the care of the patient, is a sufficient allegation that they owed to the patient the performance of such duties as are ordinarily performed by those occupying similar positions in said hospital.

The contention of the defendants that the complaint is deficient because it fails to specifically allege each and every duty devolving upon the defendants to perform during the course of their care of their patient cannot be sustained. The complaint alleges with particularity the respects in which it is claimed the defendants were negligent. Their negligence must be predicated upon the unfaithful performance of a corresponding duty, hence an allegation that they negligently

performed, or entirely failed to perform, a specific duty is equivalent to an allegation that the relation which they had assumed towards the patient, or to which they had been assigned by hospital authorities, imposed upon them the performance of such duties.

The complaint specifically alleges that all of the defendants were negligent in the respects detailed in the excerpt from the complaint above set forth. Plainly this is tantamount to alleging that the faithful performance of their duties required them to do those things which it is alleged they negligently omitted and failed to do. Whether such duties actually did devolve upon them or not, or all of them, will be a matter of proof. We have no way of determining whether they were charged with the performance of such duties or, if so, whether such duties devolved upon the internes or upon the nurses. This must be resolved upon the trial, but, under familiar rules, the complaint charges them with such duties and alleges that they failed and omitted to properly perform them. *Jones v. Burtis,* 88 Wis. 478, 60 N. W. 785; *Meisenheimer v. Kellogg,* 106 Wis. 30, 81 N. W. 1033; *Lueke v. Senn,* 165 Wis. 544, 163 N. W. 171; *Hanselman v. Carstens,* 60 Mich. 187, 27 N. W. 18.

Neither can it be said that the performance of the duties with which it is alleged the defendants were charged would have been unlawful for them to perform. The law recognizes that a hospital interneship of at least twelve months is required before a license to practice medicine shall be granted. While by sec. 147.14, Stats., no person shall practice, or hold himself out as authorized to practice, medicine without securing the license or certificate therein required, yet by sec. 147.15, Stats., an interneship is required as a part of one's medical education before one can be licensed to practice. This is a legal sanction of the performance of such duties on the part of internes as are usually and ordinarily performed by them. The performance of such duties

does not constitute the practice of medicine or a representation that the interne is authorized to practice medicine. And so with nurses. Most of them acquire their education through hospital service. In fact many hospitals are licensed as nurses' schools by the state board of health. The law does not prohibit any one from practicing as a nurse. It prohibits any person from practicing or attempting to practice as a registered, trained, certified, or graduate nurse without a certificate of registration. Sec. 149.06 (4) ; sec. 149.10, Stats. Any one who assumes to act as nurse assumes duties, the failure to perform which may constitute negligence.

We hold that the complaint states a cause of action against all the defendants. Whether they may be jointly liable for their several acts of negligence is a question not presented by the demurrer and not considered. At any rate, that is a question which will more definitely appear from the evidence.

*By the Court.*—Order affirmed.