KARL W. MARQUARDT, Executive Secretary, Pharmacy Examining Board
You have asked that I review 41 OAG 23 (1952) which concludes that there was no violation of then secs. 151.04 (2) or 151.07 (3), R.S. 1951, if the medicine or drug dispensing is done by a physician or an agent under the physician's supervision. Specifically, 41 OAG 23, at p. 28, provided:
 "In view of the foregoing it is concluded that where a doctor has a stock of drugs on hand and in the course of treating a patient he instructs his office girl to furnish the patient with certain named tablets, which she proceeds to obtain from the container and measure out for the patient, delivering the same to the patient, there is no violation of sec. 151.04 (2) or sec. 151.07 (3) although the doctor may be liable for his own negligence or the negligence of his employe in such case. In any event the physician may not, except by complying with sec. 151.02 (9), either directly or indirectly through his employe engage in what amounts to a drug store business by the dispensing and sale of drugs to the general public where the relationship of physician and patient does not exist between him and the purchaser." *Page 336 
This opinion was based upon a specifically recited fact situation, found on p. 23 of the opinion. The recital provides in part:
 "`The doctor has a stock of drugs on hand. After naming the patient, he orally or in writing instructs his office girl to furnish the patient with certain drugs. The girl selects a container from among several . . ., and counts out the number indicated. She then packages and labels the package. The exchange is also completed by her with the patient. . . .'"
In your letter you state that this prior opinion "has resulted in physicians' office personnel dispensing prescription drugs without any supervision by the doctor to verify the accuracy of the functions performed by such an agent. Frequently the dispensing takes place in the absence of a doctor on the premises." It would appear that the hypothetical facts you relate, if applied to a specific individual and proven, would take the activity out of the exception contained in sec. 450.04
(3), Stats., "This shall not interfere with the dispensing of drugs, medicines or other articles by physicians, . . ." and make the agent guilty of violating either sec. 450.04 (2) or 450.07
(2), Stats. 41 OAG 23 clearly contemplates and is predicated upon the fact that the agent dispensing the medicines or drugs does so under the supervision of a physician. If you have evidence of a violation of either sec. 450.04 (2) or 450.07 (2), Stats., you should bring it to the attention of the proper prosecuting authority.
You further relate in your letter that, "Very often such prescriptions are also not labeled to comply with state and federal prescription labeling requirements." Again, if you have proof of a specific violation of applicable federal or state law, I believe that it is incumbent upon you to report such violation to the proper federal or state authorities for appropriate action.
41 OAG 23 has been on the books for over twenty years and many intervening sessions of the legislature. The legislature has not seen fit to repudiate this opinion, and has, in fact, maintained the applicable statutory provisions without material change. Further, I am not aware of any court decisions that have overturned this opinion. Under the circumstances, it would appear inappropriate at this time to overrule 41 OAG 23. Rather, the facts you relate in your letter *Page 337 
suggest that persons who do not confine their activities to the ambit of this standing opinion may be subject to prosecution.
RWW:DCM:WHW