ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
You ask whether the following circumstances are in accord with, or violative of, Wisconsin statutes.
 "The County Jail is staffed with two registered nurses who provide coverage for 16 hours a day, Monday through Friday. Milwaukee County also employs a part time physician who, on a Monday through Friday basis, examines inmates who report that they are ill. Theoretically, this physician is on call 24 hours a day, seven days a week. After the physician has made a determination that a particular inmate should receive prescription drugs, he prepares the appropriate order indicating the name of the inmate, the type of drug, the dosage and the time to be given. Bulk medications are provided to the Jail in their original containers from the General Hospital Pharmacy. During the course of the nurses' tour of duty she prepares these prescriptions in accordance with the doctor's order by placing the appropriate drug in the prescribed amount into an envelope on which she transcribes the name of the inmate for whom it is intended, the type of drug, the dosage and the time to be given. These envelopes are then given to a deputy sheriff who delivers them to the inmates in the cell blocks. When the nurses are off shift or on weekends, the medications are prepared as indicated in advance in sufficient quantity to meet the needs of the inmate when the nurses are not on duty. It is then the responsibility of the jailer to see to it that the pre-packaged prescriptions are appropriately delivered."
The statutes most directly involved are:
 "450.07 (2) No person except a practitioner shall deliver any prescription drug except upon the prescription of a practitioner. . . ."
 "450.07 (3) No person, except a registered pharmacist or a practitioner, shall prepare, compound, dispense or prepare for delivery for a patient any prescription drug."
"By reference in sec. 450.07 (1) (b), Stats., delivery is defined in sec. 161.01 (6): *Page 180 
 "`Deliver' or `delivery' means the actual, constructive or attempted transfer from one person to another . . . whether or not there is any agency relationship."
"Dispense" is not defined in ch. 450 of the statutes but the definition under sec. 161.01 (7) also includes delivery to an ultimate user.
The term practitioner is defined in sec. 450.07 (1)(d) as one "licensed by law to prescribe and administer prescription drugs" which presumably does not include nurses, deputy sheriff or jailer.
Section 450.04 (3), Stats., however, provides in part:
 "(3) This shall not interfere with the dispensing of drugs, medicines or other articles by physicians . . . ."
Two previous opinions of this office have touched on this question. The opinion in 41 Op. Att'y Gen. 23 issued in 1952 dealt primarily with the provisions of secs. 151.04 (2) and (3) and 151.07 (3) of the statutes of 1951 which were substantially the same as secs. 450.04 (2) and (3) and 450.07 (3) of the statutes of 1975.
The tacit assumption of the 1952 opinion was that the delivery by a third person of drugs prescribed by a doctor would have violated sec. 151.04 (2) (now sec. 450.04 (2) or 450.07 (3)) if it had not been under a doctor's supervision. The 1952 opinion was approved and explained in the opinion in 63 Op. Att'y Gen. 335 (1974). The later opinion indicated that the hypothetical facts given in the request for the opinion "would take the activity out of the exception contained in sec. 450.04 (3), Stats." 63 Op. Att'y Gen. at p. 336.
Under the cited opinions the delivery of the prescribed medication to prisoners would violate the law unless it can be said to be done under the supervision of the doctor, so that it may be considered to have been "by" a physician under the exception contained in 450.04 (3), Stats. Whether a nurse actually administers medication under the supervision of a doctor may depend on the facts in a given case.
If a nurse is employed by a doctor, the supreme court said inHuss v. Vande Hey, 29 Wis.2d 34, 43, 138 N.W.2d 192 (1965):
 "Whether the medical doctor is physically present or absent at the time physical therapy is rendered by a nurse in his office, *Page 181 
the doctor is fully responsible for her conduct under the doctrine of respondeat superior."
In the case of a nurse not employed by a doctor, it is indicated in 70 C.J.S. Physicians and Surgeons sec. 54 (e), pp. 978-980, that although a physician is liable for the negligence of nurses in his employ he is not ordinarily liable for negligent acts of nurses who are not in his employ unless in the course of ordinary care "he could have or should have been able to prevent their injurious effects and did not." See also Nickley v.Eisenberg, 206 Wis. 265, 239 N.W. 426 (1931).
While a doctor's liability for negligence of others is not necessarily determinative of whether a drug is dispensed "by" him within the meaning of sec. 450.04 (3), it may be helpful in determining what the Legislature intended. In State v. Maas,246 Wis. 159, 165, 16 N.W.2d 406 (1944), the court described a purpose of the legislation:
 "The drug business is intimately associated with public health. The legislature has prescribed rules and regulations to protect the public from the mistakes of the untrained."
To require that prescription drugs be administered under competent supervision accords with that purpose.
On the assumption that the nurses who are on duty Monday through Friday are under the supervision of the doctor who is employed on a Monday through Friday basis, the situation would fall within the exemption in sec. 450.04 (3) as interpreted in the opinions in 41 Op. Att'y Gen. 23 (1952) and 63 Op. Att'y Gen. 335 (1974).
You also ask about the situation on weekends when prepackaged medications are distributed by a deputy sheriff or jailer according to instructions on the packages. If this be a delivery, as it appears to be under the above-quoted definition, sec.450.07 (2) is applicable. That section prohibits delivery "except upon the prescription of a practitioner." The phrase "upon the prescription of a practitioner" is, I believe, sufficiently flexible to allow for mere transmission which has been prescribed by a doctor. Since violation of sec. 450.07 (2) is subject to penalty, it is "to be interpreted strictly against the state and liberally in favor of the accused" State v. Bronston, 7 Wis.2d 627,633, 97 N.W.2d 504, 98 N.W.2d 468. *Page 182 
It is my opinion that delivery of medication by a deputy sheriff or a jailer in the manner you have described is done "upon the prescription of a practitioner" and is not violative of statute.
BCL:BL