[No. 1074, February 27, 1907.]

CITY OF ROSWELL, Appellant, v. THOMAS M. DAVENPORT, Appellee.

SYLLABUS (BY THE COURT).

1. A municipal corporation, guilty of negligence in maintaining a defective and dangerous sidewalk, is responsible for an injury caused thereby, notwithstanding the person injured was at the time suffering from a disease which aggravated consequences of such injury.

2. A general verdict will not be set aside unless the special findings returned therewith can not be reconciled with the same and in this case the special findings considered and held not to overturn the general verdict.

3. Evidence of the generally unsafe condition of a sidewalk is evidence tending to charge a municipal corporation

with constructive notice of the particular defect causing the injury.

Appeal from the District Court for Chaves county, before WILLIAM H. POPE, Associate Justice. Affirmed.

EMMETT PATTON, City Attorney, for Appellant.

When officers of a city have neither actual nor constructive notice of defective condition of sidewalk, one personally injured by stepping on a loose plank of the sidewalk, cannot recover damages from the city. Cooper v. City of Milwaukee et al., (Supreme Court of Wisconsin) 3 Am. Neg. Rep. 304; Bucher v. City of South Bend, 50 N. E. Rep. 412 (cited in note to 5 Am. Neg. Rep. 269; Morris et al., v. City of Philadelphia, 7 Am. Neg. Rep. 615 (Supreme Court of Pa.); City of Columbus v. Ogletree, 96 Ga. 177, 22 S. E. Rep. 709, (710); Village of Warren v. Wright, 3 Ill. App. (3 Bradw.) 602; City of Chicago v. Watson, 6 Ill. App. (6 Bradw.) 344; City of Chicago v. McGiven, 78 Ill. 347.

A party suing to recover damages for an injury alleged to have been caused by the negligent act of another, cannot recover where such injury was not the immediate and proximate result of such negligent act, but was the result of an independent intervening cause or causes. Pullman Palace Car Co. v. Barker, 4 Col. 344, 34 Am. Rep. 89; I. B. & W. Ry. Co. v. Birney, 71 Ill. 391; Laidlaw v. Sage, 158 N. Y. 73, 44 L. R. A. 216.

When the special finding of facts is inconsistent with the general verdict, the former shall control the latter. Compiled Laws, 1897, Sec. 2993.

GATEWOOD & DUNN and U. S. BATEMAN, for Appellee.

The statute requires every motion for a new trial to be made within five days after the return of the verdict. Compiled Laws, 1897, Sec. 2685, sub-Sec. 133.

Special findings of fact are not a part of the record proper. The only questions the Supreme Court may review, if any at all, are those arising out of the record proper. 2 Cyc. Law and Pro. 1054-5; Rogers v. Richards, 8 N. M. 655; 29 A. & E. Enc. of Law (2nd Ed.) 1034, par. 7; Chicago & N. W. Ry. Co. v. Dunleavy, 129 Ill. 144,

Roswell v. Davenport.

S. C. 22 N. E. 17; Shaw v. Merchants' Nat. Bank, 60 Ind. 82; Frank v. Grimes, 105 Ind. 346; Atchison, etc., Ry. Co. v. Johnson, 2 Okla. 41, S. C. 41 Pac. 641; 3 Cent. Dig. Col. 157-8, Sec. 2383; 20 How. (U. S.) 427; Wesson v. Saline county, 73 Fed. 917; Gould v. Howe, 127 Ill. 252, S. C. 19 N. E. 714 and cases there cited.

Findings of evidential, or probative, facts are wholly ineffective. The Chicago & N. W. Ry. Co. v. Dunleavy, 129 Ill. 143, S. C., 22 N. E. 17; Railway Co. v. Cone, 37 Kas. 567, 15 Pac. 499.

Unless the special findings of the ultimate or operative facts in the case are absolutely irreconcilable and in fatal conflict with the general verdict, the general verdict must stand. 29 A. & E. Enc. Law (2nd Ed.) 1033, Sec. 6, 1035.

The mere fact that plaintiff was afflicted with stricture in a slight form at the time of the accident in no manner relieves the defendant from liability. Black on Law and Prac. in Acc. cases, Sec. 226.

It is essential to the effectiveness of special findings that they be consistent with each other. If they are inconsistent, or antagonistic, they neutralize each other and will be disregarded. 29 A. & E. Enc. Law, (2nd Ed.) p. 1035.

### OPINION OF THE COURT.

PARKER, J.—Appellee recovered judgment against the City of Roswell upon a general verdict for two thousand dollars damages for injuries received by reason of a defective sidewalk. There were submitted to the jury twenty questions upon which special findings were made. It is upon the alleged conflict between the general verdict and the special findings that appellant assigns error, claiming that the said findings over-turn the general verdict and show that appellant is entitled to judgment. Two points are made.

It appears that appellee was afflicted with a stricture of the urethra; that while walking along the sidewalk in question, a loose board flew up and struck him on the left side of the penis and left groin; that in an hour and fifteen minutes after the accident, appellee exper-

ienced a retention of the urine which was not relieved for thirty-four hours, owing to objections of his family and friends; that as a result of his injuries in his then condition, appellee was ill for six months.

The proposition is made by appellant that appellee's injury was not the proximate result of the city's negligence, but was the result of an independent, intervening cause, or causes, viz: The stricture of which plaintiff was suffering and the retention of urine.

Proximate cause and effect have been best defined in the much quoted case of Railway Co. v. Kellog, 94 U. S. 469, 475, where it is stated: "When there is no intermediate, efficient cause, the original wrong must be considered as reaching to the effect, and proximate to it. The inquiry must therefore always be whether there was any intermediate cause, disconnected from the primary fault, and self operating which produced the injury."

In accordance with this definition it has almost universally been held that an injury suffered by the negligent act of another is the proximate cause of the effect produced, notwithstanding, the person injured may have been suffering at the time from disease which aggravated the consequence of such injury. Crane Elevator Co. v. Lippert, 63 Fed. 942; Delaplain v. Kansas City, 109 Mo. App. 107; Owens v. Railroad, 95 Mo. 182; Allison v. Railroad, 42 Ia. 274; Sawyer v Dulaney, 30 Tex. 479; Brown v. R. R. Co., 54 Wis. 342; Railway Co. v. Saxby, 213 Ill. 274; Railway v. Kemp, 61 Md. 74; Southerland on Damages (third edition) Sec. 36; 7 Am. & Eng. Enc. of Law 388; 13 Cyc. 31.

A much criticised case holds to the contrary. Pullman Palace Car Co. v. Baker, 4 Colo. 344.

No question is raised by appellant as to the delay in relieving the retention of urine and perhaps none could be, there being no finding as to the plaintiffs having delayed the operation by the surgeons.

It is clear, therefore, that appellant's first contention is untenable.

Appellant urges that there is a special finding that

its officers had no actual notice of the defective sidewalk, and that their findings are such that no implied notice can be attributed to it. The findings are as follows:

"2. Q. What was the nature of the defect causing this injury, if you find any injury was received. And if a loose board in the walk, please state whether this was a burnt or charred board and how long prior to the accident it had been loose and the dimensions of the board.

A. One or more loose, burnt or broken boards, we cannot determine from the evidence how long the board had been loose nor the dimensions.

3. Q. Was the walk in the immediate vicinity of this board and including the same, in a reasonably safe condition for persons exercising ordinary care to pass thereover? A. No.

4. Q. Was the defect of the board causing the injury such that it could have been plainly seen by passers-by prior to this accident? A. No.

5. Q. Was the plank causing the alleged injury to plaintiff loose at any time prior to such injury? If so, state how long it had so remained. A. We find no evidence to show that the particular plank that caused the injury was loose prior to the accident.

19. Q. Did any of the officers of the Town of Roswell ever have actual notice of the condition of the board which caused plaintiff's alleged injury? If so, state when and how. A. No.

20. Q. Was the board over which plaintiff fell, if you find that he fell, in its loose condition by reason of its being burned or of its falling into disrepair, or was it pulled loose on account of plaintiff's stepping on one end of it? A. We find no evidence to show whether this particular board was loose by reason of its being burned or by its falling into disrepair or by reason of plaintiff's stepping on one end of it."

It will be seen that the specific finding of the jury goes to the extent only of saying that the particular plank causing the injury was not in such condition as to be plainly seen by passers-by. There is no finding that the

general condition of the sidewalk was not such as to attract such notice. The jury found specifically that the walk in the immediate vicinity of the board causing the injury was not in a reasonably safe condition. There is no finding that the city did not have actual notice of the generally unsafe condition of the sidewalk adjacent to the place of the injury which notice, if it had the same would charge it with, or at least be evidence of, notice of the particular defect causing the injury. Osborne v. Detroit, 32 Fed. 36; Brownlee v. Alexis, 39 Ills. 135; Weinsberg v. Appleton, 26 Wis. 59; Barrett v. Hamon, 87 Wis. 654; Noyes v. Gardner, 147 Mass. 505; Edward v. Three Rivers, 102 Mich. 153; Fuller v. Jackson, 92 Mich. 197; Gude v. Mankato, 30 Minn. 256; 15 Am. & Eng. Enc. of Law, 482; Abbot's Municipal Corporations, section 1039.

It thus appears that there is no substantial conflict or inconsistence between the general verdict and the special findings.

The general verdict will not be set aside unless the special findings cannot be reconciled with it. Walker v. R. R. Co., 7 N. M. 282; 29 Am. & Eng. Ency. of Law 1035.

There is no error in the record and the judgment of the court below will therefore be affirmed, and it is so ordered.