NORBERG, Appellant, v. HAGNA et al, Respondents.

## (195 N. W. 439.)

(File Nos. 5299-5302.   Opinion filed October 18, 1923.)

1.   Municipal Corporations—Negligence—Jury—Negligence of Park Board in Placing Diving Board over Water Held for Jury.

In an action for injuries from diving off a springboard placed by city officials over water about 3½ feet deep, whether such placing constituted negligence was for the jury.

2.   Municipal Corporations—Parks—Ultra Vires—Act of City Officials in Maintaining Park Outside City Held Not Ultra Vires.

The act of the city authorities in maintaining a park outside the city was not ultra vires in view of Rev. Code 1919, Sec. 6169, subd. 10, authorizing the acquisition and management of parks within or wholly outside the city, notwithstanding Rev. Code 1919, Secs. 6433-6523, particularly section 6440, as amended by Laws 1919, c. 274, not expressly authorizing park board created by ordinance to maintain such park.

3.   Municipal Corporations—Parks—City Liable for Negligence in Management of Parks.

A city is liable for negligence in management of its parks, they being beneficial and open to general public travel without reference to the traveler's residence.

4. **Municipal Corporations—Damages—Negligence—City Liable for Injuries by Diving from Springboard over Water in Outlying Park.**

Where city officials placed a springboard over water about 3½ feet deep in a park outside the city, whereby plaintiff was injured in diving therefrom, etc., the city is liable, in view of Rev. Code 1919, Sec. 6169, subd. 10, authorizing acquisition and management of outlying parks.

5. **Pleading—Demurrer—Complaint Good as Against One Defendant Held Good Against All Jointly Demurring.**

On a joint demurrer by several defendants, a complaint good as against one defendant will be held good against all.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by Carl H. Norberg against B. N. Hagna, the City of Watertown, and others. From orders sustaining demurrers, plaintiff separately appeals. Reversed in part and affirmed in part, and remanded with directions.

*McFarland & Kremer,* of Watertown, for Appellant.

*A. L. Sherin,* of Watertown, for Respondent.

(2) to (4)  To points two to four of the opinion, Appellant cited: 29 Cyc. 1441; Overmyer v. Barnett et al, 123 N. E. 654; Rising v. Dickinson, 18 N. D. 478, 121 N. W. 616, 138 A. S. R. 779, 20 Ann. Cas. 484, 23 L. R. A. (N. S.) 127; Capp v. St. Louis, 159 S. W. 616, 46 L. R. A. (N. S.) 731; Monroe v. Smith et al (S. D.), 165 N. W. 532-534; Walters v. City of Carthage, 36 S. D. 11, 153 N. W. 881; Johnson v. Dist. of Columbia, 118 U. S. 19, 6 Sup. Ct. 923, 30 L. ed. 75; Chicago v. Seben, 165 Ill. 379; 46 N. E. 244, 56 Am. St. Rep. 248; Bowden v. Kansas City, 69 Kan. 587, 77 Pac. 573, 66 L. R. A. 181, 105 Am. St. Rep. 187, 1 Ann. Cas. 955; Lies v. City of Erie, 169 Pa. 598, 32 Atl. 621; Hillstrom v. City of St. Paul, 159 N. W. 1076; Village of Palestine v. Siler, 225 Ill. 630, 80 N. E. 345; Emery v. Philadelphia, 208 Pa. 492, 57 Atl. 977; Twist v. City of Rochester, 37 App. Div. 307, 55 N. Y. Supp. 850; Walters v. City of Carthage, 36 S. D. 11, 152 N. W. 881; Circleville v. Sohn, 59 Ohio St. 285, 52 N. E. 788, 69 Am. St. Rep. 777; Blyhl v. Village of Water-

ville, 57 Minn. 115, 58 Minn. 115, 58 N. W. 817, 47 Am. St. Rep. 596; Kleopfert v. City of Minneapolis, 90 Minn. 158, 95 N. W. 908; Moneyweight Scale Co. v. McBride, 199 Mass. 503, 506, 85 N. E. 970; Philadelphia Co. v. Stimson, 223 U. S. 605; Lane v. Hoglund, 244 U. S. 174, 182, 37 Sup. Ct. 558; 61 L. ed. 1066; State v. Ruth, 9 S. D. 84, 68 N. W. 189.

Respondent cited: Rev. Code 1919, Sec. 6169, subd. 10, subd. 81; Harper v. Topeka, 92 Kans. 11, 51 L. R. A. (N. S.) 1032, 139 Pac. 1018; Bisbing v. Asbury Park (N. J.), 33 L. R. A. (N. S.) 523; Hayes v. Oshkosh, 33 Wis. 314, 14 Am. Rep. 761; Manske v. Milwaukee, 123 Wis. 172, 101 N. W. 377, 17 Am. Neg. Rep. 368; Piper v. Madison, 140 Wis. 311, 314, 25 L. R. A. (N. S.) 239, 133 Am. St. Rep. 1078, 122 N. W. 730; Evans v. Sheboygan, 153 Wis. 287, 45 L. R. A. (N. S.) 98, 141 N. W. 265; Bruhnke v. La Crosse, 155 Wis. 485, 50 L. R. A. (N. S.) 1147, 144 N. W. 1100; Engel v. Milwaukee, 158 Wis. 480, 149 N. W. 141; Gensch v. City of Milwaukee, 190 N. W. 843; Juul v. School Dist., 168 Wis. 111, 112, 169 N. W. 309, 9 A. L. R. 904; Higgins v. Superior, 134 Wis. 264, 267, 114 N. W. 490, 13 L. R. A. (N. S.) 974; McCarton v. City of New York et al, 149 App. Div. 516, 133 N. W. Supp. 941; Emmons v. City of Virginia et al, 188 N. W. 561.

GATES, J. This is an action for damages for personal injury, against the city of Watertown, its mayor, the members of its city council, and the members of its park board. Four demurrers were interposed to the complaint, one by all of the defendants, one by the mayor and members of the city council, one by the park board, and one by the city. From orders sustaining each of said demurrers the plaintiff separately appealed. For convenience the appeals are here heard on one set of briefs.

It is alleged in the complaint that plaintiff, a nonresident of Watertown, was injured in June, 1921, by diving from a diving board negligently maintained by defendants in Lake Kampeska within a park owned and maintained by defendants outside the city limits of Watertown. The cause of the injury is alleged to be that the diving board was placed and maintained in very shallow water, to-wit, about 3½ feet in depth, so that when plaintiff dove therefrom he struck his head upon the lake bottom and was severely injured.

[1]   While the question whether the placing of a diving board in such a place constitutes negligence is a question of fact for a jury to determine, yet for the purposes of this appeal we must hold that the complaint states a cause of action in that behalf.   Turlington v. Tampa Electric Co., 62 Fla. 398, 56 South. 696, 38 L. R. A. (N. S.) 72, Ann. Cas. 1913D, 1213.

It is the theory of appellant (1) that the city is liable for the injury for the reasons given in Walters v. City of Carthage, 36 S. D. 11, 153 N. W. 881; (2) that the park board and the city council had no authority to purchase land for a park outside the city limits, and had and have no authority to maintain a park so situated, and that they are liable for their ultra vires acts even if there is no liability on the part of the city.   It is the theory of respondents that the city and said boards were acting under authority of law and under the governmental powers of the city as distinguished from its private, business, or proprietary powers and therefore that there is no liability on the part of any of the defendants because of such injury.

[2]   We will first consider the question of ultra vires.

Appellant's counsel call our attention to chapter 11 of part 8 of title 6 of Rev. Code 1919, viz., sections 6433-6523, which provides for three methods of park control:   (1) By the governing body of any municipal corporation (section 6433); (2) in cities of the first class by a park board created by ordinance (sections 6434-6443); and (3) in cities of the first class by a park board created pursuant to the vote of the electors.   They say that, because section 6440, as amended by chapter 274, Laws 1919, only purports to give a park board created by ordinance power over parks within the city, and since the park board, whose members are defendants herein, was so created, such board, in attempting to exercise control over the park in question, acted ultra vires. They contrast with section 6440 the provisions of section 6452, which purport to give the park board created pursuant to a vote of the electors authority over parks within or without the city limits.   There would be much force to appellant's contention were it not for subdivision 10 of section 6169, Rev. Code 1919, which authorizes all municipal corporations to acquire and manage public parks, and provides:

"And any such public park partly or wholly without the limits

of the municipality shall, for the purposes of improvement, preservation, regulation and government, be considered as if wholly within the limits thereof."

This section must be read and construed with section 6440 as amended, and when so read and construed it is entirely clear that it was the legislative intent that park boards created by ordinance should have the same authority over parks without as within the city limits.    Said provision is in effect a general definition, and, if it had been the legislative intent that the definition should not apply to a later enactment, such later enactment should have negatived the applicability of the definition.    We are therefore convinced that the city council and the park board did not act ultra vires.

Is the defendant city, then, liable for the negligence which caused the injury?    In Walters v. City of Carthage, supra, this court said:

"It is well settled that municipal corporations have certain powers which are discretionary or judicial in character, and also certain powers which are ministerial.    They will not be held liable in damages for the manner in which they exercise in good faith their discretionary powers of a public character, but are liable for damages caused by their negligence when their duties are ministerial.    A municipal corporation acts judicially when it selects a plan for some public improvement; but as soon as it begins to carry out the plan, it acts ministerially and is bound to see that the work is done in a safe manner.    2 Dill. Mun. Corp. §§ 949, 832, 1048.    Johnston v. Dist. of Columbia, 118 U. S. 19, 6 Sup. Ct. 923, 30 L. ed. 75; Chicago v. Seben, 165 Ill. 379, 46 N. E. 244, 56 Am. St. Rep. 248.    A municipal corporation is performing a ministerial duty in maintaining a fire station and is liable in damages for neglecting to make the same safe.    Bowden v. Kansas City, 69 Kan. 587, 77 Pac. 573, 66 L. R. A. 181, 105 Am. St. Rep. 187, 1 Ann. Cas. 955; Kies v. City of Erie, 169 Pa. 598, 32 Atl. 621."

In that case the nonliability of the city was strongly urged because it was claimed that it was acting under its governmental powers as distinguished from its private, business, or proprietary powers, but this court then declined to adhere to that doctrine, although the applicability of the doctrine as to school districts or

boards of education had been sustained in Plumbing Supply Co. v. Board of Education, 32 S. D. 270, 142 N. W. 1131.

[3] A municipal corporation is liable for negligence in permitting obstructions or defects in its streets and sidewalks. Bohl v. City of Dell Rapids, 15 S. D. 619, 91 N. W. 315; Smith v. City of Yankton, 23 S. D. 352, 121 N. W. 848; Connell v. City of Canton, 24 S. D. 572, 124 N. W. 839; Rowe v. Richards, 32 S. D. 66, 142 N. W. 664, L. R. A. 1915E, 1069; Gellenbeck v. City of Mobridge, 40 S. D. 157, 166 N. W. 631; Ellwein v. Town of Roscoe, 42 S. D. 298, 174 N. W. 748; Stewart v. City of Watertown, 43 S. D. 489, 180 N. W. 945; Schuler v. City of Mobridge, 44 S. D. 488, 184 N. W. 281. Why, then, should it not be liable for the negligence in question? We confess our inability to perceive any valid reason why a distinction should be made between streets and public parks in the matter of liability for negligence. They are both open to general public travel and use without reference to the residenc of the traveler. The use of public parks and of their equipment is no more for the benefit of non-residents than is the use of the streets. In Capp v. City of St. Louis, 251 Mo. 345, 158 S. W. 616, 46 L. R. A. (N. S.) 731, Ann. Cas. 1915C, 245, the court said (with which we concur):

"The same law that requires a municipal corporation to keep its streets free from nuisances, and reasonably safe for those who lawfully use them, also imposes upon it the duty to keep its public parks and other public places in a reasonably safe condition for all who lawfully frequent and use them."

See, also, City of Denver v. Spencer, 34 Colo. 270, 82 Pac. 590, 2 L. R. A. (N. S.) 147, 114 Am. St. Rep. 158, 7 Ann. Cas. 1042; Burridge v. City of Detroit, 117 Mich. 557, 76 N. W. 84, 42 L. R. A. 684, 72 Am. St. Rep. 582; Carey v. City of Kansas City, 187 Mo. 715, 86 S. W. 438, 70 L. R. A. 65; Chafor v. City of Long Beach, 174 Cal. 478, 163 Pac. 670, L. R. A. 1917E, 685, Ann. Cas. 1918D, 106. We are not unmindful of the decisions in Harper v. City of Topeka, 92 Kan. 11, 139 Pac. 1018, 51 L. R. A. (N. S.) 1032; Emmons v. City of Virginia, 152 Minn. 295, 188 N. W. 561; Gensch v. City of Milwaukee (Wis.), 190 N. W. 843; Bolster v. City of Lawrence, 225 Mass. 387, 114 N. E. 722, L. R. A. 1917B, 1285; and other cases holding nonliability for negligence under similar circumstances.

[4] We conclude, therefore, that the complaint states a cause of action against the defendant city of Watertown.

[5] The order sustaining the demurrer of the mayor and members of the city council and the order sustaining the demurrer of the park board will be affirmed. The order sustaining the joint demurrer of all of the defendants will be reversed, because upon a joint demurrer the complaint, if good as against one defendant, will be held good as against all. Coffee v. Dorwart, 31 S. D. 102, 139 N. W. 776, and Millerke v. Reiley, 31 S. D. 342, 141 N. W. 136. The order sustaining the demurrer of the defendant city of Watertown will be reversed. The cause will be remanded, with directions to dismiss the action as against all of the defendants except the city of Watertown. No costs will be taxed in this court.

Note.—Reported in 195 N. W. 439. See, Headnote (1), American Key-Numbered Digest, Municipal corporations, Key-No. 857, 28 Cyc. 1502; (2) Municipal Corporations, Key-No. 277, 28 Cyc. 954; (3) Municipal corporations, Key-No. 851, 28 Cyc. 1311; (4) Municipal corporations, Key-No. 851, 28 Cyc. 1311; (5) Pleading, Key-No. 198, 31 Cyc. 332.

On question of liability of municipality for negligence of its park board, see notes in 2 L. R. A. (N. S.) 147 and L. R. A. 1917E, 695.

On liability of municipal corporation for injuries through unsafe conditions in parks or other public grounds other than streets, see notes in 37 L. R. A. (N. S.) 523 and L. R. A. 1915C, 435.