[No. 3437. July 11, 1930.]

JOHNSON v. CITY OF SANTA FE.

[290 Pac. 793.]

M. W. Hamilton, of Santa Fe, for appellant.

E. P. Davies and W. A. Gillenwater, both of Santa Fe, for appellee.

OPINION OF THE COURT

WATSON, J.

In an action for personal injuries against James Collier and the city of Santa Fe, appellee, plaintiff below, was

awarded $10,000 damages upon findings and conclusions by the trial court. While going from her home to attend mass in the early morning, and in the dark, proceeding along Kentucky avenue in the city of Santa Fe, she fell into an open sewer trench excavated by defendant Collier for the city of Santa Fe. No service was had upon defendant Collier, and the judgment is against the city alone.

Appellant (the city of Santa Fe) first objects to the overruling of its demurrer to the complaint. The argument here is based upon the premise that defendant Collier was an independent contractor, and that, in' that situation, the allegations of the complaint failed to show the violation. of any duty resting upon the city, and particularly failed to show that the city had notice of any dangerous condition in the street.

While it did develop at the trial that Collier was an independent contractor, the fact does not appear upon the face of the complaint; the allegation being that he was "employed" by the city to construct the sewer. It may be true, as appellant argues, that this allegation left it uncertain as to whether Collier was the agent or servant of the city, or whether he was an independent contractor. Yet, if the trial court construed this as an allegation that defendant Collier was the agent or servant of the city, this court, under the well established rule, would follow that construction. Demurrer is not the proper mode of attacking an allegation for indefiniteness and uncertainty. Upon the theory that Collier was the city's agent or servant, his knowledge of a dangerous condition would be the knowledge of the city, and it would be unnecessary to allege or prove actual knowledge. This objection must be overruled.

Appellant does not invoke a general review of the evidence, but calls attention to certain testimony elicited from appellee, to establish its contentions that the court erred in holding appellant guilty of negligence, and in holding appellee not guilty of contributory negligence. Appellee admitted that for several days she had observed the excavating machine approaching her home, digging its way along the street in question, and that on the pre-

ceding two mornings, but later, she had passed the machine on that street on her way to mass. She also admitted that at the time of the accident she carried prayer book and rosary, and was saying her prayers.

We need not question appellant's legal proposition that, where negligence consists in failure to warn of a dangerous condition, actual knowledge by the party injured is equivalent to warning, and that disregard of the known danger, rather than failure to warn, should in such case be deemed the proximate cause.

Nor need we question that one who knows the dangerous condition of a street, and chooses to traverse it in preference to a safe street reasonably convenient, and who, moreover, proceeds with a preoccupied mind, and without caution commensurate with the known danger, will be deemed contributorily negligent as matter of law.

We cannot agree, however, that the facts relied on make a case under either of these principles so clear that reasonable minds might not fairly differ on the questions of negligence and of contributory negligence. The street was left open to traffic. It had been constantly used. There was a passage which others had used and which appeared to appellee to be safe. Appellee does not admit that she had observed or was conscious of a particular danger. There is nothing in the testimony relied on to disclose that she had reason to anticipate encountering an open and unlighted excavation. Nor is the fact that she was saying prayers at all conclusive that her mind was so preoccupied as to render her heedless of danger. These conclusions of the trial court cannot be disturbed.

Appellant contends that the damages are excessive. They are based on findings of permanent injury, resulting in reduction of earning capacity from $150 to $20 per month; appellee's age having been approximately sixty, and her expectancy approximately fourteen years. Counsel argues that it was not reasonable to anticipate that appellee's then earning power would continue throughout her expectancy. But, even if it should, he says, the sum of $9,835, that portion of the judgment based upon decreased earning capacity, would have been excessive.

·On just ·what basis counsel so concludes, we are not advised. The purchase of an annuity of $1,560 ($130 per month) at age sixty, would seem to call for approximately $18,000. The Americana, vol. 2, p. 3. If our calculation is correct, a fund of $9,835 kept invested at 5 per cent. would exhaust itself in less than eight years in meeting annual payments of $1,560.

It is contended that a loss of $85 per month is the most that the evidence discloses. Even so, nearly $12,000 would be required to purchase an annuity of $1,020 during appellee's expectancy, and $9,835 invested at 5 per cent. would be exhausted by such payments in less than fourteen years.

The damages seem to be liberal, but, admitting the permanency of the injury, not beyond the limits of the trial court's reasonable discretion.

 Dr. Livingston, for appellee, answering a hypothetical question, stated that the injury would probably be permanent. Dr. Fiske, for appellant, after examination at the time of the trial, considered that from the physical standpoint it was not permanent; that it afforded no reason for inability to work; that her "complaints, the things she complains of, are entirely subjective"; that he could not state definitely "whether those (complaints) have a foundation"; that "there may be some injury * * * to the peripheral nerve"; that she still has sensation of pain and "it may" indicate "a permanent injury to that part of the nerve in that location." We cannot say that this evidence, in connection with other evidence, in the case, does not substantially support the conclusion of permanency of injury.

Finding no error, we affirm the judgment and remand the cause. It is so ordered.

PARKER and CATRON, JJ., concur.

BICKLEY, C. J., and SIMMS, J., did not participate.