220 P.2d 703

**BRYAN v. CITY OF CLOVIS.**

No. 5271.

Supreme Court of New Mexico.

July 13, 1950.

Earl E. Hartley, Clovis, for appellant.
Otto Smith, Clovis, for appellee.

SADLER, Justice.

The City of Clovis appeals from a judgment rendered against it by the District

Court of Curry County for personal injuries suffered by plaintiff (appellee) in a fall on a cross-walk or ramp at the southwest corner of Grand Avenue and Mitchell Streets, extending east and west and north and south, respectively, in that city.

The sidewalk at the point in question is elevated several feet above the street level. Accordingly, in order to enable pedestrians to get from the sidewalk to the level of the street in crossing from this corner to the one directly opposite, the city erected a concrete ramp approximately ten feet in length extending from the sidewalk level across the gutter and down to the level of Mitchell Street. The ramp was secured to the street along its east end on a solid concrete foundation approximately three feet in length.

About six months prior to the accident, the ramp had been broken at a point seven feet from the curb. The break extended in a straight line from north to south all the way across the ramp. This allowed about seven feet of the ramp extending from the sidewalk to the break to drop down four or five inches below the remainder of the ramp, leaving the portion connected with the street projecting upward in a jagged, irregular line for the entire distance of the break.

On the day in question, January 9, 1949, about 9:45 a. m., the plaintiff slipped and fell while proceeding down the ramp with the intention of crossing over to the oppo- site side of the street, sliding into the portion of the ramp which projected upward as just stated. Upon striking the jagged portion of the ramp with his knee, the plaintiff's kneecap was shattered and he suffered permanent partial disability by reason of the injury. This action followed. The complaint alleged negligence on the city's part in allowing the ramp to remain in the damaged condition indicated, thereby exposing pedestrians to the danger of slipping and falling by reason of the greatly increased slope to the ramp from the sidewalk to the point where the break occurred. The complaint further alleged that the city knew, or in the exercise of ordinary care should have known, of the hazard created by the broken ramp and negligently permitted the dangerous condition to continue, proximately causing the plaintiff's injury.

After trial before a jury under instructions agreeable to both parties, a general verdict in plaintiff's favor awarding damages in the sum of $3500 was returned into court. In due course, judgment was rendered in plaintiff's favor and against the defendant for the amount named in the verdict. It is to review such judgment that the defendant prosecutes this appeal.

The defendant assigns a single error and argues it as its sole point, namely, that there is no substantial evidence to support the verdict. No motion for directed verdict having been interposed below, we

might well rest our opinion on that fact and decline to examine the evidence further than to determine whether there was *any* evidence supporting the verdict, without regard to its substantial character. State v. Knowles, 32 N.M. 189, 252 P. 987; State v. Hunter, 37 N.M. 382, 24 P.2d 251; State v. McKenzie, 47 N.M. 449, 144 P.2d 161; State v. Nuttall, 51 N.M. 196, 181 P.2d 808.

■ Examining the record with this objective and finding evidence within the issue of negligence and notice thereof to the city we could not fail to observe that it is substantial in character. Thus it is that the defendant has suffered no prejudice through failure to question below sufficiency of the evidence to support the verdict. The evidence being substantial, even though its sufficiency be properly challenged below, it cannot be successfully questioned here.

■ The liability of a town or city to damages for injuries which result proximately from the dangerous condition in which, with knowledge actual or constructive, it permits its streets or sidewalks to remain, cannot be successfully challenged. City of Roswell v. Davenport, 14 N.M. 91, 89 P. 256; Johnson v. City of Santa Fe, 35 N.M. 77, 290 P. 793. Liability of the city in the case at bar was submitted to the jury under instructions agreeable to both parties and the only error assigned, the sufficiency of the evidence to sustain the verdict, not

being well taken, the judgment will be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE and COMPTON, JJ., concur.