348 P.2d 492

A. L. MURPHY and Mary Katherine Murphy, a minor, by her next friend, A. L. Murphy, Plaintiffs-Appellants,

v.

CITY OF CARLSBAD, New Mexico, a municipal corporation, Defendant-Appellee.

No. 6527.

Supreme Court of New Mexico.

Jan. 14, 1960.

Neal, Neumann & Neal, Carlsbad, for appellants.

James L. Dow, Carlsbad, for appellee.

McGHEE, Chief Justice.

This was an action for damages for injuries suffered by Mary Katherine Murphy, a nine year old child, in a municipal park owned and operated by the appellee.

Damages were sought by the minor for pain and suffering, permanent impairment

and disfigurement of the right hand and for other injuries, and by her father and next friend for recovery of medical and hospital expenses.

Appellee filed, with its answer to the complaint, a motion to dismiss based on the ground that as a municipal corporation acting under its powers in the performance of a public benefit and discharging a governmental function it is immune to a tort action for damages.

The court then permitted appellants to file an amended complaint more clearly alleging the city's negligence and further alleging the creation and maintenance of an attractive nuisance. Appellee's motion to dismiss was directed, by stipulation of counsel, to appellants' amended complaint and was granted by the trial court.

For the purpose of an appeal from the granting of a motion to dismiss, the facts alleged in the complaint are treated as true whether they seem likely to be proved or not.

The material facts alleged by appellants are as follows: The appellee owned and maintained a public park known as Municipal Beach which was open to the public all year. Within the park was an amusement area containing, among other amusement devices, a carrousel or merry-go-round which was operated during the summer season by a concessionaire. At the time of the accident on March 3, 1957, the amusement area was not in operation and the carrousel was partially dismantled and although the rest of the park was open to the public, the amusement area and the carrousel were left unenclosed, unguarded and unlocked in spite of the fact that appellee had knowledge that this constituted an attractive nuisance to children the age of the appellant and unable to appreciate the danger involved in playing with the devices in the area.

The minor appellant in playing on the carrousel had caught her hand in its mechanism and suffered the injuries for which she seeks the recovery of damages.

The basic question presented by this appeal is whether a city is immune to a suit for damages for personal injuries resulting from its alleged negligent maintenance of a public park.

The authorities seem to be in agreement that a municipality is liable for its negligence when engaged in a corporate or proprietary function as distinguished from a governmental function. McQuillin on Municipal Corporations, 3rd Ed., § 53.23. Thus the appellee's susceptibility to a suit for damages for its alleged negligence turns on whether or not its maintenance of a city park is a proprietary or governmental function.

An annotation in 29 A.L.R. 863 and supplemental annotations in 42 A.L.R. 263, 99 A.L.R. 686 and 142 A.L.R. 1340, show

that there is a division of authority on this point which seems to be determined as much by the particular line on which the courts in the various jurisdictions got started as by justice and the judicial needs of an enlightened society. An examination of the cases reveals a slight majority in favor of the view that the operation of a city park is a governmental function but the modern tendency seems to be toward holding this to be a proprietary function and subjecting the municipality to liability for its negligence. McQuillin on Municipal Corporations, 3rd Ed., § 53.112, says this:

"In view of the tendency of late decisions and the development of the law on this subject, the rule will ultimately prevail that in maintaining parks, playgrounds and like recreations, the city is performing a local function for its people and it should be held liable on the same basis as a private person or corporation."

At least one state has adopted the modern rule by statute and thus abandoned its line of cases holding the municipality to be immune to a negligence action. Calif. Govt.Code, Sec. 53051.

We have no such problem. The question presented is one of first impression in New Mexico although we have held various other functions and activities engaged in by municipalities to be proprietary functions and thus imposed liability for their negligent performance.

Some courts in making their initial pronouncements on the question which faces us have held the municipality liable saying that there is no decisive difference between the park cases and the street cases in which the city is generally held to be liable. Norberg v. Hagna, 1923, 46 S.D. 568, 195 N.W. 438, 440, 29 A.L.R. 841, typifies this view. The court there said:

"A municipal corporation is liable for negligence in permitting obstructions or defects in its streets and sidewalks. (Citations omitted.) Why, then, should it not be liable for the negligence in question? We confess our inability to perceive any valid reason why a distinction should be made between streets and public parks in the matter of liability for negligence. They are both open to general public travel and use without reference to the residence of the traveler. The use of public parks and of their equipment is no more for the benefit of nonresidents than is the use of the streets. * * *"

We have long held that a muncipality is liable for its negligence in maintenance or construction of streets and sidewalks. Mr. Justice Sadler speaking for a unanimous court in Bryan v. City of Clovis, 1950, 54 N.M. 235, 220 P.2d 703, 704, said the following:

"The liability of a town or city to damages for injuries which result proximately from the dangerous condition

in which, with knowledge actual or constructive, it permits its streets or sidewalks to remain, cannot be successfully challenged. City of Roswell v. Davenport, 14 N.M. 91, 89 P. 256; Johnson v. City of Santa Fe, 35 N.M. 77, 290 P. 793. * * *"

Again, in Primus v. City of Hot Springs, 1957, 57 N.M. 190, 256 P.2d 1065, 1067, we granted a new trial to the plaintiff saying:

"A municipal corporation is required to exercise ordinary care to maintain its streets in a reasonably safe condition for travel in the usual modes by day and night. 19 McQuillin, Municipal Corporations (3rd Ed.) Sec. 54.90."

We need not, however, base liability on this theory. In Barker v. City of Santa Fe, 1943, 47 N.M. 85, 136 P.2d 480, 482, we held that the duty of a city to keep its sewage disposal plant in repair and in safe condition was a corporate or proprietary function. There we set out and applied the following tests to determine if the function in question was proprietary or governmental:

"'* * * The municipality acts in a governmental capacity

"'I. When it performs a duty imposed by the legislature of the state.

"'II. Only when such imposed duty is one the state may perform and which pertains to the administration of government.

"'III. When the municipality acts for the public benefit generally, as distinguished from acting for its immediate benefit and its private good.

"'IV. When the act performed is legislative or discretionary as distinguished from ministerial.'"

Nowhere in our statutes do we find an imperative legislative command that municipalities establish public parks. Authorization for the establishment of parks is found in Article 21, Cities and Towns, § 14–21–5, 1953 N.M.S.A., paragraph I, by which cities and towns are empowered:

"To lay out, establish, open, alter, widen, extend, grade, pave, or otherwise improve *streets, alleys, avenues, sidewalks, parks,* and *public grounds,* and vacate the same, and to direct and regulate the planting of ornamental and shade trees in such *streets, avenues* and *public grounds."* (Emphasis ours.)

It is interesting to note that parks and streets are treated together in this section.

Another pertinent portion of the statute is found in Article 35, Parks and Libraries, § 14–35–9, 1953 N.M.S.A., which provides that:

"Any town or city, through its commission, council, or board of trustees, may acquire by purchase, gift or donation any property for park purposes

380

within or without the city or town limit: * * *".

■ Neither of the above mentioned statutes can be said to impose upon a municipality the duty of establishing a public park.

Augustine v. Town of Brant, 1928, 249 N.Y. 198, 163 N.E. 732, which was cited in the Barker case, supra, had this to say about parks established under a permissive rather than a mandatory statute:

"A wise public policy forbids us to recognize the town of Brant as acting as a sovereign when it maintains its park. It acts as a legal individual voluntarily assuming a duty, not imposed upon it, for the benefit of a locality rather than the general public. When it assumes such a duty it also assumes the burdens incident thereto."

The only related sections of our statute which appear to be mandatory and create some doubt as to whether the city's function is proprietary under the test are § 14–35–1, 1953 N.M.S.A., which provides that at the first regular meeting following the organization of the city council or any cities or the board of trustees of any towns or villages, said boards "shall appoint three (3) competent persons as commissioners, to be known as the Park Commission, * * *" and § 14–35–2, 1953 N.M.S.A., which provides that the commissioners have a duty "to take charge of all the public

parks owned by their respective cities and towns."

However, these provisions come into play only after the city has voluntarily established the park. Furthermore, any possible dilemma created by these statutory provisions is resolved by what we said in New Mexico Products Co. v. New Mexico Power Co., 1938, 42 N.M. 311, 77 P.2d 634, 641:

"* * * Where there is doubt as to whether the city is liable, the question will be resolved against the municipality. (Citations omitted.)"

In reference to acting for the public benefit generally, it is difficult to draw a distinction between the sewage disposal plant in Barker v. City of Santa Fe, supra, public streets and sidewalks, and the public park here. All incidentally benefit the general public but it cannot be denied that any benefit resulted from the cities acting for their own immediate benefit and private good.

Furthermore, it cannot be said that a park pertains to the administration of state or local government any more than a sewage system does; nor can it be said that the acts performed in establishing and maintaining a park are legislative or discretionary.

■ We therefore hold that the establishment and maintenance of a municipal park is a proprietary function and a city

is not immune to a suit for negligence connected therewith. The trial court erred when it granted appellee's motion to dismiss and entered judgment in its favor.

In view of the foregoing, it is unnecessary to consider appellants' other contentions. The judgment is reversed and the case remanded to the trial court for a trial on the merits.

It is so ordered.

COMPTON, CARMODY, and MOISE, JJ., concur.

CHAVEZ, J., not participating.