395 P.2d 597

Prudence ANDRADE, Plaintiff-Appellant,

v.

The CITY OF ALBUQUERQUE, the Gamewell Corporation and William Moore, Defendants-Appellees.

No. 7444.

Supreme Court of New Mexico.

Sept. 28, 1964.

 

Frank L. Horan, James L. Parmelee, Jr., Gerald Goodman, Albuquerque, for appellees.

CHAVEZ, Justice.

Appellant Prudence Andrade, plaintiff in the lower court, appeals from an order dismissing her complaint as to the city of Albuquerque. The order of dismissal was based upon the motion of defendant The City of Albuquerque, which alleged:

"I. That it owns and operates its fire protection and fire alarm systems in a governmental capacity.

"II. That is has no liability insurance pursuant to Section 5–6–20 N.M. S.A.1953, 1961 Supp; as further shown by the supporting affidavit of Edmund L. Engel attached hereto.

"III. That the governing body of the City of Albuquerque passed no ordinance, resolution, or otherwise authorized any of the acts complained of in plaintiff's complaint pursuant to Section 14–17–11, N.M.S.A.1953, and as further shown by the supporting affidavit of Ida V. Malone attached hereto."

The facts were stipulated by the parties as follows:

Lorenzo A. Chavez, Melvin L. Robins, Warren F. Reynolds, Joseph B. Zucht, Albuquerque, for appellant.

"Plaintiff was injured on August 23, 1961, while walking near the southwest

corner of Eighth and Gold Streets in Albuquerque, New Mexico.

"Plaintiff was struck on the head by a cable which was being strung overhead and which slipped out of its sleeve.

"The cable was being installed by employees of the Gamewell Corporation, Gerald Robinson and Robert Moore, pursuant to a contract between the City of Albuquerque and the Gamewell Corporation for the installation of a fire alarm cable from the main fire station to the alley between Central and Gold Street on Eighth Street in Albuquerque.

"The City of Albuquerque furnished an employee of the Fire Department, William Moore, as inspector on the job, and William Moore also assisted in the installation of the cable.

"The Plaintiff alleged that Defendant, William Moore, acting within the scope of his employment by the City of Albuquerque, negligently assembled the cable or the attachment to the cable, which negligence concurred with the negligence of the Gamewell Corporation in causing the cable to fall and strike the plaintiff.

"To the Complaint, the City filed a Motion to Dismiss alleging that it owns and operates its fire protection and fire alarm system in a governmental capacity, that it had no liability insurance for the activity involved and that the governing body of the City of Albuquerque had not authorized the negligent actions sued upon.

"The Motion as to lack of liability insurance and lack of authorization for the negligent acts of the City employees were supported by Affidavits. An Order was entered dismissing the City of Albuquerque as a Defendant on the grounds contained in the Motion by the City."

Appellant submits three points upon which she relies for reversal:

"I. The trial court erred in holding that the City of Albuquerque was engaged in a governmental activity when plaintiff was injured while walking on city streets when a cable used in an electrical alarm system that was being constructed by the City as part of a fire alarm system, fell and struck plaintiff.

"II. The trial court erred in dismissing the complaint because there was no liability insurance carried by the City.

"III. The trial court erred in dismissing the complaint on the ground that the governing body of the City of Albuquerque had not authorized the negligent conduct sued upon."

Appellant readily admits that should we find the city of Albuquerque, when constructing a fire alarm system, is acting in a governmental capacity, it would follow that

her points two and three are without merit and her appeal will fail. We, therefore, restrict ourselves to the consideration of appellant's first point.

Regarding the question of a fire department being a governmental function, in Gilbert v. New Mexico Const. Co., 39 N.M. 216, 44 P.2d 489, we said:

"* * * It is well established that a municipality's fire extinguishment service is afforded as a governmental function, not as matter of legal right, and that the city is not liable to the householder for refusal or failure to render it effectually or at all. * * *"

The authorities are in almost universal accord with the above proposition that the maintenance and operation of a municipal fire department is a governmental function and that no municipal liability arises for negligence in connection therewith. McQuillin, Municipal Corporation, 3rd Ed., Vol. 18, § 53.52, p. 270; Anno. 84 A.L.R. 514.

In O'Donnell v. Groton, 108 Conn. 622, 144 A. 468, the plaintiff, a welder, had been employed by the city to convert an old boiler into a compressed air tank for use in operating a fire alarm whistle. The conversion of the tank was done under the supervision of the chief of the water and electrical department. Upon the completion of the welding, but before acceptance by the city, the tank was tested by putting in compressed air and, as a result of the negligence of the

city, the tank exploded and injured plaintiff. In order to escape the perils of the doctrine of sovereign immunity, the plaintiff, as has appellant in the instant case, contended that while it was intended to convert the tank into a part of the alarm system, it had never in fact been installed or used as a part of the fire alarm system, and that he should recover. The court said:

"The trial court explicitly charged the jury that if the tank was being installed as a part of the fire prevention system of the defendant for the purpose of furnishing air with which to operate the whistle as a fire alarm, the defendant would not be liable. The plaintiff complains of the portions of the charge in which this is stated. It has become a settled principle of our law that the preservation of the property in a city from damage and exposure to danger from fire, and the establishment and maintenance of a fire department, when assumed by a municipal corporation under its charter, are a part of its public or governmental duties and for negligence in the performance of such duties it is immune from liability. Jewett v. New Haven, 38 Conn. 368, 9 Am.Rep. 382; Judson v. Winsted, 80 Conn. 384, 68 A. 999, 15 L.R.A. (N.S.) 91; Vezina v. Hartford, 106 Conn. 378, 138 A. 145. No claim is made that the maintenance of the whistle as a fire alarm by the defendant was not a proper and reasonable means to adopt

in the performance of its duty in putting out fires. The fact that the tank was not being used as a part of its fire prevention system, but was still in process of adaptation for such use, affords no ground of exception to the rule of governmental immunity, for that rule includes the construction and maintenance of fire equipment as well as its use for fire prevention. * * *"

In Cathey v. City of Charlotte, 197 N.C. 309, 148 S.E. 426, the defendant city adopted an ordinance granting permission to the Southern Bell Telephone Company to erect, maintain and operate lines of telephone and telegraph, including the necessary poles, etc., upon, along and over the city streets. In consideration of the passage of the ordinance, the telephone company agreed to provide one cross-arm on each pole for the use of its police and fire alarm system. Later the telephone company installed one of its poles at a certain street intersection. The city then placed one of its electric wires on said pole, which was a part of the apparatus of the police and fire alarm system. Thereafter, pursuant to a request of the telephone company that it remove said wire, the city ordered plaintiff's intestate, an employee of the city, to remove the wire. While plaintiff's intestate was removing the wire, the pole broke and fell, causing the lineman to fall to the ground, resulting in his death. Suit was filed against the city and the telephone company. The telephone company filed a petition pursuant to an act of Congress for the removal of the action to the federal court, on the sole ground that upon the allegations of the complaint the city is not liable, in law, to the plaintiff, and that the complaint is against the Southern Bell Telephone Company alone. From the judgment ordering and directing that the action be removed for trial, plaintiff appealed. Regarding the fire department, the court said:

"* * * In the erection and maintenance of its police and fire alarm system, the city of Charlotte, as a municipal corporation, was engaged in the exercise of a governmental function. McIlhenney v. Wilmington, 127 N.C. 146, 37 S.E. 187, 50 L.R.A. 470; Peterson v. Wilmington, 130 N.C. 76, 40 S.E. 853, 56 L.R.A. 959. * * *"

In a recent case, Rake v. City of Tulsa, (Okl.1962), 376 P.2d 261, a fireman, in the course of his duties, collided with the plaintiff at an intersection. Plaintiff contended that the duties of the fireman prevented the city from being immune, since the fireman was on routine inspection of radios at the various stations and was not engaged in an emergency call. The court held against plaintiff, saying:

"* * * We therefore hold that, in this State a city's immunity from tort liability applies to it while engaged in fire protection and prevention to as great an extent as it applies to its performance of any other governmental function."

■ Accordingly, we hold that the installation of a fire department electrical alarm system is included in the maintenance and operation of a fire department, and that such activities fall under the protection of the doctrine of sovereign immunity.

Appellant cites Wagner v. City of Portland, 40 Or. 389, 60 P. 985, 67 P. 300, as authority for the proposition that the work of repairing a fire alarm system is ministerial in nature. We have considered that case to be against the weight of authority and is not persuasive.

■ Appellant futher contends that, under the tests laid down in Barker v. City of Santa Fe, 47 N.M. 85, 136 P.2d 480, and Murphy v. City of Carlsbad, 66 N.M. 376, 348 P.2d 492, the installation of a fire alarm system is not governmental. We find this argument to be without merit as, under the third test laid down in the above cases, to-wit:

" ' "III. When the municipality acts for the public benefit generally, as distinguished from acting for its immediate benefit and its private good." ' "
the fire department is clearly a governmental function. In Barker v. City of Santa Fe, supra, and Murphy v. City of Carlsbad, supra, there was present either an immediate pecuniary benefit to the city, or an individual benefit to the property owners. In the instant case, the fire department protects every citizen in the city, regardless of the payment of a special assessment.

Finding no error, the judgment is affirmed. It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.