445 P.2d 974

**H. J. BARNETT, Plaintiff-Appellant,**

**v.**

**CAL M, INC., a corporation, d/b/a Franciscan Hotel, Katherine A. Bruskas and Angelo Glenn, d/b/a Federal Bar, City of Albuquerque, New Mexico, Eugene Torres and Joe Wilson, Defendants-Appellees.**

**No. 8514.**

Supreme Court of New Mexico.
Oct. 14, 1968.

554

---

Charles T. Hooker, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Bruce D. Hall, Albuquerque, for appellee Cal M, Inc., d/b/a Franciscan Hotel.

Domenici & Bonham, Matteucci & Matteucci, Albuquerque, for appellees Bruskas & Glenn, d/b/a Federal Bar.

Toulouse, Ruud, Gallagher & Walters, Robert A. Martin, Albuquerque, for appellee Eugene Torres.

Frank M. Mims, Albuquerque, for appellee City of Albuquerque.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for appellee Joe Wilson.

## OPINION

NOBLE, Justice.

A person who signed as Barney Barnett gave worthless checks to Cal M, Inc., d/b/a Franciscan Hotel, hereafter termed Franciscan, and to Katherine A. Bruskas and Angelo Glenn, d/b/a Federal Bar, hereafter referred to as Federal Bar. They complained to Eugene Torres, a deputy sheriff, who filed a criminal complaint and procured the issuance of warrants for his arrest. Torres took the complaint and a written description of the man who had given the checks to the office of the district attorney. The man giving worthless checks was described as:

"Barney Barnett, no known address, white male American, forty to fifty years old, 180 to 200 pounds, 6 feet to 6 feet ½ inch, ruddy complexion, sandy-graying hair."

A city police officer arrested H. J. Barnett (sometimes called "Barney") at his place of business in Albuquerque and confined him in the city jail. The H. J. Barnett who was arrested was not comparable in size or physical appearance with the man described to Deputy Torres, and was not the one who wrote the checks.

H. J. Barnett, the person who was arrested, brought suit for malicious prosecution, false imprisonment and false arrest against the City of Albuquerque; Joe Wilson, sheriff; Eugene Torres, deputy sheriff; the Franciscan; and the Federal Bar. Barnett has appealed from summary judgments entered in favor of each of the defendants, claiming error because (1) summary judgments were granted in favor of the City and Wilson at a pre-trial conference held without sufficient notice; (2) the court abused its discretion in granting the Torres motion for summary judgment which was filed after the pre-trial conference without another hearing; (3) summary judgment in favor of the City, Wilson and Torres was erroneous as a matter of law; and (4) questions of material fact exist as to the claims against the Franciscan and the Federal Bar.

■ The fact that summary judgment dismissing the action against Deputy Sheriff Eugene Torres was entered May 16, 1965, following filing of the motion therefor on May 5, 1965, without either a notice of or the holding of any hearing thereon, contrary to Rule of Civil Procedure 56(c) (§ 21-1-1(56) (c), N.M.S.A.1953), requires reversal of that judgment. Service of the motion was by mail. The judgment was entered prior to the time plaintiff could have been required to interpose counter-affidavits or other opposing evidence. Rule 6(e) (§ 21-1-1(6) (e), N.M.S.A.1953).

■ We find no merit to the contention that plaintiff was prejudiced because of lack of sufficient notice of a pre-trial hearing at which the motions of Wilson and the City for summary judgment were heard. The record is silent concerning such conference or any objections thereto, or as to the proceedings had at such hearing. The judgments, however, recite that a pre-trial conference was held on May 4,

1965. Counsel are in agreement that the hearing was so held and that all counsel were present and participated.

A litigant desiring review of a ruling of the trial court has a duty to see that a record is made of the proceedings he desires reviewed; otherwise the correctness of such ruling cannot be questioned. General Services Corporation v. Board of Commissioners, 75 N.M. 550, 408 P.2d 51; Flores v. Duran, 68 N.M. 42, 357 P.2d 1091; Buchanan v. Carpenter, 65 N. M. 389, 338 P.2d 292. Matters not called to the attention of the trial court, except jurisdictional questions, cannot be raised for the first time on appeal. Supreme Court Rule 20 (§ 21–2–1(20), N.M.S.A.1953); Marquez v. Marquez, 74 N.M. 795, 399 P. 2d 282; Shelley v. Norris, 73 N.M. 148, 386 P.2d 243; Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824.

Plaintiff argues that if the Torres judgment is vacated, the Wilson judgment should likewise be remanded because, upon the theory of respondeat superior, Wilson could be liable for the actions of his deputy. However, the Wilson summary judgment was entered on May 15, 1965, after hearing and following Wilson's motion therefor, filed March 2, 1965, supported by an affidavit. No opposing affidavit or deposition had been filed at the time of the hearing or of the entry of the summary judgment. It is true that because of the multiple claims in this case and of the failure to obtain a determination by the court making this judgment final, the court retained jurisdiction and had the authority to revise it at any time before the entry of the judgment of July 26, 1965 adjudicating the last of the multiple claims. Rule of Civil Procedure 54(b) (§ 21–1–1(54) (b), N.M.S.A.1953; Heron v. Gaylor, 46 N.M. 230, 126 P.2d 295. Until that time, plaintiff could have presented the question to the trial court by a proper motion to vacate the Wilson judgment. The trial court, however, must be clearly alerted to a claimed nonjurisdictional error to preserve it for appeal. Supreme Court Rule 20 (§ 21–2–1(20), N.M. S.A.1953); Maryland Cas. Co. v. Foster, 76 N.M. 310, 414 P.2d 672; Marquez v. Marquez, supra; Shelley v. Norris, supra. The question not having been properly preserved below will not be reviewed on appeal.

Plaintiff contends that the City in this instance was exercising a proprietary function as in Barker v. City of Santa Fe, 47 N.M. 85, 136 P.2d 480. We cannot agree. It is firmly established by the great weight of authority that the operation of a police department is a governmental function and that acts or omissions in connection therewith ordinarily do not give rise to municipal liability. 18 McQuillen, Municipal Corporations § 53.51 (3d Ed.Rev.). This rule has been applied to acts of false imprisonment and illegal arrest. 18 McQuillen, Municipal Corporations § 53.80(e) (3d Ed.Rev.). See Andrade v. City of Albuquerque, 74 N.M. 534, 395 P.2d 597. We find no error in the dismissal as to the City.

We find nothing in the record to indicate that either the Franciscan or Federal Bar did anything except cause criminal complaints to be issued charging the person who gave the worthless checks. They gave the officers a description of the person passing the checks which was totally different from that of the plaintiff. See Prosser, Torts § 12, at 60 (3d Ed. 1964).

A citizen who in good faith and upon probable cause swears out a criminal complaint identifying the accused by name is not liable for malicious prosecution where the officer arrests a person bearing that name but who is not in fact the person against whom the complaint was made. Massey Stores, Inc. v. Reeves, 111 Ga.App. 227, 141 S.E.2d 227; Prosser, Torts § 12 (3d Ed.1964). Plaintiff has not shown that any genuine issue of material fact exists between him and these two defendants. Summary judgment was proper as a matter of law as to both the Franciscan and Federal Bar.

The judgments in favor of Cal M, Inc., Federal Bar, the City of Albuquerque and Wilson will be affirmed. The summary judgment dismissing the action as to Eugene Torres will be reversed. The case will be remanded with direction to vacate the Torres summary judgment, reinstate the case as to Eugene Torres on the docket and proceed in a manner not inconsistent with this opinion.

It is so ordered.

MOISE and COMPTON, JJ., concur.