RUTH K. SMITH et al., Individually and on Behalf of Themselves and All Heirs at Law and Distributees of AUGUSTA J. S. WEEKS, Deceased, Appellants-Respondents, v. INCORPORATED VILLAGE OF PATCHOGUE, Respondent-Appellant, and CHARLOTTE G. S. OSBORNE et al., Incompetents, by JAMES MELTON, Guardian ad Litem, et al., Respondents.— Plaintiffs sought for themselves and others to eject the defendant village from certain land devised to it for use as a park by the will of Augusta J. Smith Weeks. In accordance with directions in the will, the village used the land for park purposes and a portion of funds bequeathed to it to fence the park and erect a monument, and continued to devote the land to park purposes until recently when approximately half of it was appropriated by the State of New York under the Highway Law for the extension of Sunrise Highway. By agreement with the village, the State paid therefor and the village accepted $10,000. Plaintiffs contended that there was a breach of a condition upon which the devise and bequest had been made and thereby the land reverted to the heirs of the testatrix, and that they and those they represented were entitled to possession of the remaining land, to the $10,000 paid by the State, and the balance of the funds bequeathed for maintenance. The village counterclaimed for a determination of the claims to the real property and directions by the court under the cy pres doctrine. Special Term, on a submission of an agreed statement of facts, dismissed the complaint as amended and awarded judgment for the village on its counterclaims and decreed that the village had title to the land and that the descendants and heirs at law of the testatrix had no interest therein, directed the sale of the remaining lands and that the proceeds of sale and the moneys on hand should be employed for maintenance of other parks of the village. Plaintiffs appeal from the judgment dismissing their complaint and awarding judgment to the village on its counterclaims. The village appeals from the judgment insofar as it did not provide for taxation by the clerk of an extra allowance. Judgment unanimously affirmed, without costs. Special Term properly held that there was no condition attached to the devise and bequest. Concededly it is not reasonable to maintain the remaining portion of the land as a park. The village could not resist the appropriation by the State of the other portion. In view of the change in circumstances, the prerogative power of the court could be exercised. (*City Bank Farmers Trust Co.* v. *Arnold,* 283 N. Y. 184; *Sherman* v. *Richmond Hose Co.,* 230 N. Y. 462; *Matter of Potter,* 307 N. Y. 504.) The village, however, was

not as matter of right entitled to an extra allowance. (*Kaplan* v. *Koenig,* 225 App. Div. 675.) It cannot complain in this court of an omission to include in the judgment the amount of the costs to which it was entitled under the judgment. There is nothing in the record to show that the clerk taxed the costs or that a motion to retax was made. (Civ. Prac. Act, §§ 1470, 1475, 1512, 1536.) Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ.