355 P.2d 925

**STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION of New Mexico, Plaintiff-Appellant,**

v.

**CITY OF ALBUQUERQUE, a municipal corporation, Defendant-Appellee.**

No. 6626.

Supreme Court of New Mexico.

Oct. 6, 1960.

384

Donald B. Moses, Albuquerque, Charles S. Solomon, Santa Fe, for appellant.

Frank Horan, Malcolm W. deVesty, James L. Parmelee, Jr., Stanley P. Zuris, Albuquerque, for appellee.

CHAVEZ, Justice.

Suit was filed by the State of New Mexico, ex rel. State Highway Commission, appellant herein, against appellee, the City of Albuquerque, praying for a declaratory judgment. Appellant asserts the right to the occupation and use of the lands hereinafter described, for a controlled access highway, without the payment of compensation to appellee. The land involved is Block 13 of the Terrace Addition to the city of Albuquerque, commonly known as Highland Park, and the westerly 60.83 feet of the land involved. Appellant claims that said westerly 60.83 feet of land was originally designated as a public street although used as a portion of said public park. Appellee denied appellant's claimed rights and affirmatively alleged that the lands involved are owned by appellee in its corporate or proprietary capacity and are under the protection of Art. II, § 20, New Mexico Constitution. Appellee further affirmatively alleges that under § 14–37–1, N.M.S.A., 1953 Comp., that it is appellee's duty to keep the public park open and that it will be required to provide additional space for a park if the lands involved are taken from it. After considering the evidence and arguments of counsel, the trial court dismissed appellant's complaint with prejudice and entered judgment for appellee. From said judgment, this appeal is taken.

The stipulated facts show that the lands involved were deeded in fee simple absolute

by the Terrace Addition Improvement Company, a corporation, to appellee, on January 28, 1909. Lot 5, Block 13, of said addition was deeded in fee simple by Solomon L. Burton to appellee on January 28, 1909. Said land is and has been used as a public park for many years and the facilities therein include lawns, trees, shrubbery, and a children's wading pool. No admission fees are charged for the use of said park.

Appellant is the proper authority to construct public highways within the state of New Mexico, including the highway involved through the city of Albuquerque, and appellant intends to use said lands for a controlled access highway.

The controversy is whether appellant can occupy and use the lands involved for highway purposes without the payment of compensation to appellee. The trial court concluded that the land involved is owned or operated by appellee in its corporate or proprietary capacity and protected by Art. II, § 20 of the Constitution of New Mexico.

Appellant relies on eight points for reversal. Appellant's contentions under points I, II, III and VIII are without merit as the matters raised are disposed of by the pleadings, the trial court's findings of fact, or are harmless to appellant.

Appellant's other claimed errors will be discussed jointly. Under these claimed errors, appellant contends that the trial court committed error in refusing to grant its requested conclusion of law number seven, that appellant's right to construct, operate and maintain a public highway is paramount and superior to appellee's right to use said land as a public park. Error is also claimed in the trial court's refusal to grant appellant's requested conclusion of law number six, that in creating and maintaining said public park, appellee is exercising a governmental function, and error is further claimed due to the court's refusal to grant appellant's conclusion of law number eight, that appellant may occupy and use the westerly 60.83 feet of the real estate involved for public highway purposes, without the payment of compensation.

This is a case of first impression in New Mexico.

Art. II, § 20 of our Constitution provides:

"Private property shall not be taken or damaged for public use without just compensation."

The State Highway Commission was created by Art. V, § 14 of the Constitution of New Mexico and is empowered and charged with the duty of determining all matters of policy relating to state highways, and it has general charge and supervision of all of the highways and bridges, and has complete charge of all matters pertaining to the expenditure of state funds for the construction and maintenance of public roads and bridges, and said article then provides:

"It shall have all powers which are now or which may hereafter be conferred on it by law."

Sec. 55–10–5, N.M.S.A., 1953 Comp., provides:

"For the purposes of this act [55–10–1 to 55–10–10], the state highway commission, alone, or in agreement with any county, city, town or village may acquire private or public property and property rights for controlled access facilities and service roads, including rights of access, air, view, and light, by purchase or condemnation in the same manner as such units are now or hereafter may be authorized by law to acquire such property or property rights in connection with highways and streets within their respective jurisdictions. * * *"

Appellant cites 29 C.J.S. Eminent Domain § 86, p. 877, as follows:

"Property held by a municipality, whether in a governmental or proprietary capacity, may be taken in the exercise of the power of eminent domain."

Appellant argues that appellee is committed to the position that if the land in question is owned and operated in its governmental capacity, that appellant may acquire the lands without the payment of compensation. Appellee denies that it is so committed. Nichols on Eminent Domain, 3rd Ed., Vol. 1, § 2.225 [1], pp. 177, 178, 179, states the rule as follows:

"Municipal corporations have a twofold character, the one governmental, and the other private. * * * In the one character municipalities are mere agencies of the state, * * * and in this character they execute the functions and possess the attributes of sovereignty which have been delegated to them by the legislature. It is in this capacity that they conduct general elections, construct and maintain public highways and bridges, suppress disorder and crime, and perform similar acts conducive to the safety and prosperity of the public of the entire state. In their other or private character they are mere aggregations of individuals living in the same neighborhood who have banded together in order to supply themselves with the necessities and conveniences of life which co-operation will enable them to obtain more readily and cheaply than by individual effort. In this character they are clothed with the capacities of a private corporation, and may claim its rights and immunities and are subject to its liabilities. It is in this capacity that they construct works for supplying water and light to the dwellings of their inhabitants, and establish markets, cemeteries and libraries for their use. Over the property which a municipal corporation ac-

quires as an agency of the state for the performance of the strictly public duties devolved upon it by law, the legislature may exercise a control to the extent of requiring the municipal corporation, *without receiving compensation therefor,* to transfer such property to some other agency of the government to be devoted to similar public uses or to other strictly public purposes. The authority to take such property must be granted expressly or by necessary implication, and such condemnation is not inhibited by statutes which declare such municipal property to be inalienable."

The case cited in support of the citation in 29 C.J.S. Eminent Domain § 86, p. 877, is State Highway Commission v. City of Elizabeth, 102 N.J.Eq. 221, 140 A. 335. This case is discussed in State by State Highway Com'r v. Cooper, 1957, 24 N.J. 261, 131 A.2d 756, from which we quote the following:

"If the sweep of the Elizabeth case doctrine were followed it would enable the State to appropriate, for wholly unrelated public purposes and without any just compensation, various municipal properties such as town halls, and schoolhouses as well as lands donated by local residents for municipal parks. This last result, so startling on its face, was explicitly rejected by the Supreme Court of Errors of Connecticut in Town of Winchester v. Cox, supra. There, land had been conveyed to the Town of Winchester 'to be forever used as a public park.' [129 Conn. 106, 26 A.2d 592, 594.] It had been used as such until the State Highway Commissioner took it for the construction of a state highway. No claim was made that the land reverted to the heirs of the grantor, but the town claimed that it was entitled to just compensation. The court held that the state was under obligation to pay the town for the value of the land taken. Chief Justice Maltbie referred to the Elizabeth case doctrine but declined to apply it to land given to and accepted by a municipality as a public park, which he said should be treated as a charitable use immune from legislative expropriation unless compensated. See Smith v. Incorporated Village of Patchogue, 129 N.Y.S.2d 422 (Sup.Ct. 1954), affirmed 285 App.Div. 1190, 141 N.Y.S.2d 244 (App.Div.1955). We find it unnecessary to pursue the scope of the Elizabeth case doctrine for, even assuming the power of our Legislature to reclaim municipal property without compensation, there is nothing whatever in our statutes which evidences any legislative intent to exercise such far-reaching authority. On the contrary, the pertinent statutory provisions contemplate that although the State Highway Commissioner may condemn municipal as well as private land (R.S.

388

27:7–23, N.J.S.A.), he must proceed under the Eminent Domain Act which has at all times provided for payment of the value of the land taken. N.J.S.A. 20:1–9."

 We find nothing in our statute, § 55–10–5, N.M.S.A., 1953 Comp., expressly authorizing the State Highway Commission to acquire either private property, or public property held in a proprietary capacity, other than by purchase or condemnation. Our statutory provision evidences the legislative intent that the State Highway Commission may acquire private as well as municipal land so utilized, yet must proceed either by purchase or under the Eminent Domain Act, 1953 Comp. § 22–9–1 et seq., which provides for payment of the fair and reasonable value of the land taken.

It is not necessary, however, for us to decide this case on the above theory. It is settled in this jurisdiction that the establishment and maintenance of a municipal park is a corporate or proprietary function, as distinguished from a governmental function. Murphy v. City of Carlsbad, 66 N.M. 376, 348 P.2d 492.

With reference to the 60.83 feet of land acquired by appellee, appellant in its brief, admitted that such strip was used as a public park for many years and that the same principles of law would apply as to the remainder of the park. Accordingly, it has been so treated by this court.

Finding no error in the record, the judgment of the district court is affirmed. It is so ordered.

COMPTON, C. J., and CARMODY and MOISE, JJ., concur.

NOBLE, J., not participating.