389 P.2d 865

**STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION of New Mexico, Petitioner-Appellant,**

v.

**Gur FORD and Beulla Ford, Defendants-Appellees.**

**No. 7354.**

Supreme Court of New Mexico.

Feb. 24, 1964.

Earl E. Hartley, Atty. Gen., Hadley Kelsey, Joseph L. Droege, John C. Worden, Oliver G. Ricketson, Neil C. Stillinger, George D. Sheldon, Sp. Asst. Attys. Gen., Santa Fe, for appellant.

Hannett, Hannett & Cornish, Albuquerque, for appellees.

CARMODY, Justice.

The Highway Commission appeals from an order dismissing an action which sought injunctive relief to compel the removal of encroachments from a highway right-of-way. The petition alleged that the defendants-appellees owned buildings in the City of Portales which encroached upon a portion of U. S. Highway 70 as it proceeded through the city. The trial court sustained a motion to dismiss for failure to join an indispensable party, i. e., the City of Portales. The case is submitted to us by appellant's pro forma brief, appellees' response and brief in support thereof, and appellant's answer brief thereto.

Appellees urge that § 14–37–1, N.M.S.A. 1953, gives the city exclusive control of all streets within the city limits. In so doing, they place reliance on Farnsworth v. City of Roswell, 1957, 63 N.M. 195, 315 P.2d 839, which was a case mainly concerned with whether the City of Roswell, by contract with the State Highway Department, had divested itself of its police power, and whether the plaintiffs there, as taxpayers, were entitled to an injunction against the enforcement of a prohibitory parking ordinance. A quotation in Farnsworth from a Montana case stated that the cities have exclusive control over city streets. It is to be observed, however, that, as a part of this same quotation, it is also said " * * * the state may take away or revoke a part or all of the authority * * *." Farnsworth does not sustain appellees' position here.

Appellees also seem to rely on State ex rel. State Highway Comm. v. City of Albuquerque, 1960, 67 N.M. 383, 355 P.2d 925. Here again, however, this case is of no assistance to them, as it related to the necessity for either purchase or condemnation of public property used in a proprietary capacity—not, as here, property used in a governmental capacity.

The legislature has granted the Highway Commission certain powers and authority. The constitutional provision relating to the Highway Commission (art. V, § 14) states in part that:

"A. * * * It [Highway Commission] shall have the power to institute any legal proceedings deemed necessary to the exercise of its powers. It shall have all powers which are now or

which may hereafter be conferred on it by law."

and § 55–2–7(e), N.M.S.A.1953, specifically states that the Highway Commission has the power:

"(e) To bring and maintain in the name of the state of New Mexico *all actions* and proceedings deemed necessary by the said commission for the condemnation of rights of way for public highways or for the removal or condemnation of buildings or other improvements which encroach in whole or part *upon the rights of way of public highways,* * * *."  (Emphasis added.)

██ The petition for injunction alleged a dedication of what is now West Second Street in the City of Portales and that such street is a part of the state highway system. Considering these allegations together with the remainder of the petition, a cause of action was stated under the provisions of the statute above quoted.

Although it might appear that there is a conflict between the powers given to the State Highway Commission and to the cities, it is not so irreconcilable as to defy solution. A similar contention was made, although under different statutes, in Gallegos v. Conroy, 1934, 38 N.M. 154, 29 P.2d 334. The reasoning contained in that opinion is directly applicable to the situation here, and in that case the seeming conflict between the two authorities was resolved in favor of the state. See also Primus v. City of Hot Springs, 1953, 57 N.M. 190, 256 P.2d 1065, where we said:

"A municipality * * * has full and complete charge of its streets (and they have such charge in New Mexico except over state highways) * * *."

Suffice it to say that if the broad power claimed by appellees was given to the city under § 14–37–1, supra, it was revoked by § 55–2–7(e), supra, with respect to public highways located within the limits of the municipality.

██ Under the present state of the pleadings, it is plain that the action concerns encroachments upon the state highway system. The state having been given express jurisdiction, the city is not an indispensable party.

Appellees cite Sproles v. McDonald, 1962, 70 N.M. 168, 372 P.2d 122, but, based upon the record before us, the case has no application.

██ Although the trial court granted appellees' motion only on the ground of failure to join an indispensable party, the motion also included the second ground that the state was not the real party in interest. It is implicit from what we have said that this contention also is without merit.

The case will be reversed and remanded to the trial court with direction to overrule

the motion to dismiss, and proceed in a manner not inconsistent herewith. It is so ordered.

NOBLE and MOISE, JJ., concur.